STATE OF NORTH CAROLINA v. JESSE EVERETTE McNEIL AND ROBERT EARL McNEIL

No. 797SC993

(Filed 6 May 1980)

1. Criminal Law § 101— note taking by jury—control by court proper
    The trial judge had the authority to instruct the jury not to take notes, even in the absence of an objection by the parties. G.S. 15A-1228.

**2. Criminal Law § 117.1 — corroborative evidence — jury instructions proper**

The trial court's instructions on the weight and effect of corroborative evidence which followed the N.C. Pattern Instructions were proper and complied with defendant's request that the court instruct the jury regarding the limited scope of the evidence presented for corroboration.

**3. Criminal Law § 62 — polygraph test results — inadmissibility**

The trial court did not err by refusing testimony from each defendant to the effect that each had taken a polygraph examination, the results of which would have shown that each defendant was truthful in denying that he was guilty of the crimes charged, since there was no stipulation of admissibility between the parties.

**4. Criminal Law § 80 — bus ticket — personnel registry — copies admissible for illustration**

The admission of copies of a bus ticket and a personnel registry signed by defendant for illustrative purposes only was not prejudicial to defendant and did not amount to suppression of the evidence, since defendant testified in his own behalf concerning his purchase of the ticket and his signing of the personnel registry; he illustrated his testimony with the copies in question; and the records were in fact before the jury.

**5. Kidnapping § 1.2; Rape § 5; Robbery § 4 — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for kidnapping, rape and robbery where it tended to show that the victim drove her car onto a college campus at 11:30 p.m.; she opened her door, gathered her things, and found defendant standing at the door; he asked for a light and she turned to find matches; when she turned again to her door, she found a gun at her head; defendants threatened to kill the victim if she did not move over and let them into her car; they later seized the victim by both arms, pulled her into the back of the car and forcibly undressed her; and defendants then raped the victim, took her money and fled.

APPEAL by defendants from *Barbee, Judge.* Judgment entered 25 May 1979 in Superior Court, WILSON County. Heard in the Court of Appeals 18 March 1980.

Defendants were indicted for the kidnapping, rape, and robbery of Ann Gilbert Berkeley, a student at Atlantic Christian College. Jesse McNeil was convicted on all three charges, and Robert McNeil was convicted of kidnapping and rape. Both defendants gave notice of appeal to the Court of Appeals.

Ms. Berkeley testified that on 10 September 1978 she drove her car onto campus at about 11:30 p.m., opened the car door and started gathering her things. A black male, later identified as Jesse McNeil, came up and asked her for a light. She turned to

her car for matches, and, upon turning back around, found a gun at her head.

The man threatened to kill Ms. Berkeley if she did not move over. Ms. Berkeley refused, and the man pushed her over in the seat. He unlocked the door on the passenger side, and another black male, later identified as Robert McNeil, got in the car. The two males proceeded in Ms. Berkeley's car to an isolated spot where they raped her, took her money, and fled.

The prosecuting witness identified the two defendants as her attackers. Both defendants offered alibi defenses. Jesse McNeil testified that on the date in question he had been taken to the bus station in Wilson early in the evening where he had purchased a bus ticket and traveled by bus to Fort Benning in Columbus, Georgia. Jesse McNeil offered several witnesses in corroboration of his alibi.

Defendant Robert McNeil offered evidence that he was at the home of his girl friend in Wilson. Both defendants offered further evidence, which was suppressed by the court, that they had taken polygraph examinations. The tests tended to support the defendants' alibis and refuted the State's witnesses' identification of defendants as the perpetrators of the crimes. The State then presented rebuttal evidence which placed Jesse McNeil on the campus of Atlantic Christian College the night of the alleged crimes. Further facts will be stated in the opinion.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, Assistant Attorney General Mary I. Murrill, and Associate Attorney General Jane P. Gray, for the State.*

*Farris, Thomas & Farris, by Robert A. Farris, for defendant appellants.*

HILL, Judge.

[1]  The defendants contend the trial judge erred in his instructions to the jury during the trial of the case. Soon after the trial of the case began, the court instructed jurors not to take notes during the trial of the case. Neither party objected at that time. G.S. 15A-1228 provides that, "[j]urors may make notes and take them into the jury room during their deliberations. Upon ob-

jection of any party, the judge must instruct the jurors that notes may not be taken."

This statute does not limit the authority of the trial judge to control the taking of notes by the jury during the course of the trial in the absence of objection by counsel. Our Supreme Court has long recognized the authority of the trial judge to control the action of the jury with respect to taking notes. *State v. Shedd,* 274 N.C. 95, 161 S.E. 2d 477 (1968); *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334 (1964); *Cowles v. Hayes,* 71 N.C. 230 (1874).

It is well established that the function of a trial judge is to guide the progress of the trial to insure all parties a fair and impartial presentation of the evidence. Therefore, we hold the trial judge had authority to instruct the jury not to take notes.

[2]  Next, the defendants contend the court erred in its instruction to the jury regarding the weight and effect of corroborative evidence during the trial. The court allowed two witnesses to testify regarding conversations they had with the prosecuting witness. The defendants asked for instructions, and the court instructed the jury that:

> [E]vidence has been received as corroboration tending to show that at an earlier time the witness, Miss Ann Berkeley, made a statement consistent with her testimony at this trial. You must not consider such earlier statement as evidence of the truth of what was said at that earlier time, because it was not made under oath at this trial. If you believe that such earlier statement was made and that it is consistent with the testimony of Miss Ann Berkeley at this trial, then you may consider this together with all other facts and circumstances bearing upon the witness Miss Ann Berkeley's truthfulness in deciding whether you will believe or disbelieve her testimony at this trial.

Defendants contend that although the instructions were taken from the standard form, they did not adequately prepare the jury to receive and properly consider the statements which were allowed for corroboration. We do not agree. The language is plain.

The admission of corroborative evidence rests largely in the discretion of the trial court to keep its scope and volume within

reasonable bounds. *Gibson v. Whitton,* 239 N.C. 11, 17, 79 S.E. 2d 196 (1953). The defendants requested the trial court to instruct the jury regarding the limited scope of the evidence presented for corroboration. The trial judge complied by reciting the standard instructions. *See* N.C.P.I.-Crim. 105.05. The assignment of error is without merit.

[3] Defendants contend the trial judge erred by refusing testimony from each defendant to the effect that each had taken a polygraph examination, the results of which would have shown that each defendant was truthful in denying that he was guilty of the crimes charged. In North Carolina it is well settled that, absent a valid stipulation of admissibility between the parties, results of polygraph examinations are inadmissible in state court proceedings. *State v. Foye,* 254 N.C. 704, 707, 120 S.E. 2d 169 (1961); *State v. Brunson,* 287 N.C. 436, 445, 215 S.E. 2d 94 (1975); *State v. Jackson,* 287 N.C. 470, 480, 215 S.E. 2d 123 (1975). Even where there is a valid stipulation of admissibility, the results of polygraph examinations are admissible only in the discretion of the trial judge. *State v. Milano,* 297 N.C. 485, 499, 256 S.E. 2d 154 (1979). Our rule on polygraph evidence is in substantial accord with most other states; *see* Annot., 53 A.L.R. 3d 1005 (1973); and with the position the federal courts that have examined the issue have taken. *See United States v. Grant,* 473 F. Supp. 720, 723 (D.S.C. 1979); Annot., 43 A.L.R. Fed. 68 (1979).

We do not propose in this case to examine the reliability of polygraph machines, but we must note that the Eighth Circuit in *United States v. Alexander,* 526 F. 2d 161, 166 (8th Cir. 1975), stated, "[t]here is an insufficient degree of assurance that polygraph machines and operators are capable of discovering and controlling the many subtle abnormalities and factors which affect test results." The defendants went before the jury and offered testimony denying their involvement in the crimes charges. We believe the jury is still the better forum, when presented with the facts, to determine guilt or innocence. It is well known that the polygraph — popularly known as a lie detector — does not detect lies, but merely records physiological phenomena which are assumed to be related to conscious deception, all of which must yet be interpreted by the operator. The assignment of error is overruled.

[4]   During trial, defendant Jesse McNeil was permitted to in-
troduce into evidence a photostat of a personnel registry in-
dicating that he signed in at Fort Benning, Georgia, on 11
September 1978 at 3:30 p.m. Jesse McNeil also introduced a
photostat of a bus ticket providing for passage from Wilson to
Columbus, Georgia, allegedly purchased by him and dated 9
September 1978 (but sold on 10 September 1978). Both photostats
were admitted for illustrative purposes only.

   Jesse McNeil testified the photostat was of the ticket used
for the trip and contends that he should have been permitted to
introduce the copies of the bus ticket and personnel registry as
substantive (real) evidence. Defendant contends that failure to
permit the introduction of the copies of the bus ticket and person-
nel registry was tantamount to suppression by the prosecution of
evidence, which was requested by the accused and favorable to
him, and that such withholding violated his right to due process.
Defendant contends the withholding materially affected his
assurance of a fair trial and cites *Brady v. Maryland*, 373 U.S. 83,
10 L.Ed. 2d 215, 83 S.Ct. 1194 (1963), as authority. We do not
agree.

   The defendant testified in his own behalf, contending that he
rode the bus from Wilson, leaving at 7:40 p.m., and arriving in
Columbus, Georgia, the following day at 2:50 p.m. Jesse McNeil
stated he personally signed in at Fort Benning at 3:30 p.m. It is
undisputed that defendant purchased the ticket and signed the
registry sheet. He illustrated these facts with photostats of the
bus ticket and the personnel registry. Such records were before
the jury. In fact, the records were obtained by the State and
delivered to the defendant. Defendant complains that he had no
money to subpoena or interview out-of-state witnesses. Nowhere
in the record is there an indication that the presence of such
witnesses would have added any further evidence in the defend-
ant's behalf. The assignment of error is without merit.

[5]   In their next assignment of error, the defendants contend
the trial judge erred by denying the motions of nonsuit at the end
of the State's evidence and again at the end of trial. By introduc-
ing evidence in their own behalf, the defendants were precluded
from raising on appeal the denial of their motion for nonsuit at

the close of the State's evidence. G.S. 15-173. *State v. Davis*, 282 N.C. 107, 113, 191 S.E. 2d 664 (1972).

Defendants again moved to dismiss at the conclusion of all the evidence, contending that the defendants exerted no threat of force toward Ms. Berkeley and that the prosecuting witness did not speak out when her money was taken. Further, the defendants contend that the relationship between the prosecuting witness and her assailants was surprisingly congenial.

"On a motion for nonsuit, the evidence must be considered in the light most favorable to the State, giving such evidence the benefit of every reasonable inference to be drawn from it." *State v. Bowden*, 290 N.C. 702, 716, 228 S.E. 2d 414 (1976).

> [I]t is for the trial court to determine whether substantial evidence which will support a reasonable inference of the defendant's guilt has been introduced. The trial court having found that such evidence has been introduced, it is *solely* for the jury to determine whether the facts taken singly or in combination satisfy them beyond a reasonable doubt that the defendant is in fact guilty. (Citations omitted.)

*State v. Smith*, 40 N.C. App. 72, 79-80, 252 S.E. 2d 535 (1979).

"If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion [for nonsuit] and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence." *Smith* at 79.

There was evidence that the attackers pointed a gun to Ms. Berkeley's head. The rape occurred late at night. The attackers threatened to kill Ms. Berkeley if she did not move over and let them into the car, and later seized her by both arms, pulled her into the back of the car and forcibly undressed her. Any one or more of these acts by two adult males toward a young college girl would have placed her in fear; all of the acts would have compounded the original fear she experienced when a gun with a three or four-inch barrel was placed against her head.

We have examined the record in detail and conclude there is ample evidence of the elements in each crime for which each

defendant was charged for consideration by the jury. The trial court did not err in denying each defendant's motion for nonsuit.

Each defendant submits that the trial judge erred in his instructions to the jury as to the facts and law in the case. Comparison of the charge given by the trial judge with the instructions requested by defense counsel regarding reasonable doubt, character evidence and alibi tends to show that, although the two are not in exact comformity, the charge, as given, materially and adequately charges on all aspects of the requested instructions. *State v. Beach*, 283 N.C. 261, 196 S.E. 2d 214 (1973). Although the defendants complain that at the close of the charge they were not given the same opportunity as the State to tender additional instructions, the defendants had given their requested instructions prior to the charge and the instructions had been given materially by the court. It was incumbent on defendants to either object to the lack of opportunity to tender further instructions or to tender any additional instructions they desired. Defendants' assignment of error is overruled.

As to the defendants' objection to the purported statement of opinion given by the court in its recapitulation of the evidence, it has been repeatedly held that an inadvertence in stating the contentions of the parties or in recapitulating the evidence must be called to the trial court's attention in time for correction. *State v. Goines*, 273 N.C. 509, 514, 160 S.E. 2d 469 (1968). Defendants failed to do so. In addition, we find that the trial judge stated the contentions of both parties quite fairly. Consequently, we find no merit in the objections posed by the defendants and conclude that the trial judge did not err in instructing the jury.

Defendants further contend that the trial judge erred in his instructions on the facts and law in several other respects. We have examined the charge and all assignments of error and exceptions raised by the defendants and find them to be without merit.

In defendants' trial, we find

No error.

Judges PARKER and MARTIN (Harry C.) concur.