STATE v. CLARENCE K. JONES AND ROY LEE.

(Filed 24 March, 1965.)

**1. Burglary and Unlawful Breakings § 2—**

> G.S. 14-54, as amended, constitutes unlawful breaking or entering a building a felony when such breaking or entering is done with intent to commit a felony or other infamous crime therein and a misdemeanor in the absence of such felonious intent, and constitutes the misdemeanor a less degree of the offense.

**2. Burglary and Unlawful Breakings § 5; Criminal Law § 109—**

> Where there is evidence that defendant unlawfully broke into and entered a building, but the only evidence of any felonious intent in doing so is entirely circumstantial, it is the duty of the court to submit the question of defendant's guilt of the misdemeanor of breaking and entering without

felonious intent, this being a less degree of the crime presented by the evidence. G.S. 15-170.

**3. Burglary and Unlawful Breakings § 2.1—**

An indictment for an unlawful breaking with intent to steal should designate precisely and accurately the occupant of the building and the owner of the personal property therein.

APPEAL by defendants from *Parker, J.,* August 1964 Session of WAYNE.

Defendants were tried on a bill of indictment charging that they, on August 5, 1964, in Wayne County, "a certain storehouse, shop, warehouse, dwelling house and building occupied by one Casey's Laundry wherein merchandise, chattels, money, valuable securities were and were being well kept, unlawfully, wilfully and feloniously did break and enter with intent to steal, take, and carry away the merchandise, chattels, money, valuable securities of the said Casey's Laundry," etc.

The only evidence was that offered by the State.

As to each defendant, the jury returned a verdict of "guilty." Judgment as to Lee: Confinement in State's Prison for not less than five nor more than seven years. Judgment as to Jones: Confinement in State's Prison for not less than nine nor more than ten years. Defendants appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Herbert B. Hulse and Julian T. Gaskill for defendant appellants.*

BOBBITT, J. The State's evidence, in brief summary, tends to show: On August 5, 1964, Robert Casey, Sr. was engaged in the laundry and dry cleaning business in Goldsboro. There is no door between the main building of his plant and the adjoining boiler room. About 9:00 p.m. defendants broke an outside window to the boiler room. Later that night, having entered the boiler room, defendants broke an inside window between the boiler room and the main building. Robert Casey, Jr. was in the main building and heard the noise. He accosted defendants. They fled through the boiler room. They were arrested later that night.

There was no evidence any personal property within the boiler room or main building of Casey's Laundry was stolen or disturbed. There was no positive testimony as to whether "merchandise, chattels, money, valuable securities" were in the boiler room or main building.

There was no motion for judgment "as in case of nonsuit." G.S. 15-173. Defendants' assignments of error relate to the charge.

The court instructed the jury to return a verdict of guilty if satisfied from the evidence beyond a reasonable doubt "that at the time they broke and entered . . . they had the intent to take, steal and carry away goods, chattels or merchandise in Casey's Laundry building"; and, if not so satisfied, to return a verdict of not guilty. Defendants contend the court should have, but did not, charge the jury substantially as follows: If the State has satisfied you from the evidence beyond a reasonable doubt that defendants unlawfully (wrongfully) broke and entered Casey's Laundry, but has failed to satisfy you beyond a reasonable doubt that they did so "with intent to commit a felony or other infamous crime therein," they would be guilty of a misdemeanor; and in such case it would be your duty to return a verdict of guilty as to such misdemeanor. Defendants excepted to and assign as error the court's failure to so charge.

G.S. 14-54, on which the indictment is based, was amended in 1955 (S.L. 1955, c. 1015) by adding this sentence: "Where such breaking or entering shall be wrongfully done without intent to commit a felony or other infamous crime, he shall be guilty of a misdemeanor." It is noted: In the original portion of G.S. 14-54, the phrase "break *or* enter" (our italics) appears in the definition of the felony.

To convict of the felony defined in G.S. 14-54, the State must satisfy the jury from the evidence beyond a reasonable doubt that a building described in the statute was broken into or entered "with intent to commit a felony or other infamous crime therein." *S. v. Cook,* 242 N.C. 700, 703, 89 S.E. 2d 383, and cases cited. Felonious intent, an essential element of the felony defined in G.S. 14-54, "must be alleged and proved, and the felonious intent proven, must be the felonious intent alleged, which, in this case, is the 'intent to steal.'" *S. v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751, and cases cited.

G.S. 15-170 provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

G.S. 14-54, as amended, defines a felony and defines a misdemeanor. The unlawful breaking or entering of a building described in this statute is an essential element of both offenses. The distinction rests solely on whether the unlawful breaking or entering is done "with intent to commit a felony or other infamous crime therein." Hence, the misdemeanor must be considered "a less degree of the same crime," an included offense, within the meaning of G.S. 15-170.

"The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser

degree was committed. The *presence of such evidence* is the determinative factor." *S. v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545. *Cf. S. v. Summers,* 263 N.C. 517, 139 S.E. 2d 627.

There was ample evidence to support the conviction of defendants of the misdemeanor defined in G.S. 14-54. The only evidence relevant to defendants' alleged felonious intent is circumstantial in nature and is summarized in the first paragraph of this opinion. Defendants contend, and we agree, that the court's failure to submit for jury consideration and decision whether defendants were guilty of the misdemeanor was prejudicial error. Error in this respect is not cured by a verdict convicting defendants of the felony. *S. v. Hicks, supra,* p. 160, and cases cited. On account of such prejudicial error, defendants are entitled to a new trial.

It is noted: Under G.S. 14-72, as amended in 1959 (S.L. 1959, c. 1285), larceny by breaking or entering a building referred to therein is a felony without regard to the value of the stolen property. *S. v. Cooper,* 256 N.C. 372, 378, 124 S.E. 2d 91.

We take notice *ex mero motu* of a question concerning the sufficiency of the indictment. The indictment refers to the building as "occupied by one Casey's Laundry" in which there was merchandise, etc., of "said Casey's Laundry." The evidence refers to a laundry and dry cleaning business operated by Robert Casey, Sr., at 1109 North William Street, Goldsboro. Since a new trial is awarded, whether the indictment is deficient need not be determined. In this connection, see *S. v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558, and cases cited; *S. v. Brown,* 263 N.C. 786, 140 S.E. 2d 786. Doubtless, before proceeding further, the solicitor will submit a new bill in which the occupant of the building and the owner of the personal property therein will be precisely and accurately described and identified.

New trial.