## STATE v. ROOSEVELT WORTHEY.

(Filed 24 May, 1967.)

**1. Burglary and Unlawful Breakings § 4—**

The evidence *held* sufficient to overrule nonsuit in this prosecution of defendant for felonious breaking and entering. G.S. 14-54.

**2. Criminal Law § 109—**

The court must submit the question of defendant's guilt of lesser degrees of the crime charged in the indictment when there is evidence which would support conviction of such lesser degrees.

**3. Burglary and Unlawful Breakings § 6—**

The evidence tended to show that defendant was apprehended in a building containing personal property and that screens had been torn off two windows of the building. The evidence of defendant's intent to commit a felony was entirely circumstantial and was not conclusive on the point. *Held:* It was error for the court to fail to submit the question of de-

fendant's guilt of the lesser degree of the crime of breaking and entering without intent to commit a felony or other infamous crime.

APPEAL by defendant from *Armstrong, J.,* January 1967 Regular Two Week Criminal Session of GUILFORD.

Defendant was charged in a bill of indictment with the felonious breaking or entering of a building wherein personal property was kept with intent to steal and carry away the same in violation of G.S. 14-54. Defendant pleaded not guilty.

The evidence at the trial tended to show that on the morning of 17 December 1966 Frank Irvin, an employee of Swift & Co., was on the premises of the company and noticed that the screens were torn off two windows of one of the buildings. The building housed a table, lockers, showers, sink and toilet facilities, and was used by employees of the company as a washroom and locker room when the plant was in operation. On the morning of the 17th the plant was not in operation, and only the watchman and the manager were on the premises. Mr. Irvin testified that he went to a window, heard someone inside, and thereupon called for the police. When the police arrived, they called for anyone inside the building to come out, and defendant emerged. A check stub and a paid bill were found on his person. Defendant testified that he went inside to meet an employee of Swift & Co. named "Robert" who was going to give him a ride, and that he used the toilet facilities while inside. There was evidence that none of the employees of Swift & Co. was named "Robert."

The court charged the jury, in part, as follows:

"I instruct you in this case, that you may return any one of the following two verdicts, namely, first, guilty as charged in this Bill of Indictment, or, secondly, not guilty, depending entirely upon which one of such two verdicts you find to be warranted by the evidence considered in the light of what I tell you the law is.

"Now, members of the jury, this defendant is charged with violating General Statutes of North Carolina section fourteen dash fifty-four, which is entitled: 'Breaking into or entering houses otherwise than burglariously;' and I want you to pay particular attention to the reading of this statute. It reads as follows: 'If any person' — reads in substance as follows — 'If any person with intent to commit a felony or other infamous crime therein, shall break or enter any storehouse, warehouse or other building where any merchandise, chattel, money, valuable security or any other personal property shall be, or even any uninhabited house, he shall be guilty of a felony.' "

The court did not charge that the jury might return a verdict of the misdemeanor of non-felonious breaking or entering.

The jury returned a verdict of guilty as charged in the bill of indictment, and the trial judge imposed a sentence of not less than thirteen nor more than thirty-six months. Defendant appeals.

*Attorney General Bruton and Assistant Attorney General Rosser for the State.*

*B. Gordon Gentry for defendant.*

PER CURIAM. Defendant contends that the trial judge erred in overruling his motion for nonsuit at the close of all the evidence. Considering the evidence in the light most favorable to the State and giving to the State every reasonable inference and intendment to be drawn therefrom, as we must do on motion for nonsuit, we hold there was plenary evidence to repel defendant's motion for nonsuit. *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654.

Defendant further contends that the court committed error in failing to charge that the jury could bring in a verdict of guilty of the misdemeanor of non-felonious breaking or entering and in failing to explain to the jury the full contents of G.S. 14-54. There is merit in this contention.

Upon trial a defendant may be convicted of the crime of which he stands indicted and charged or he may be convicted of a lesser degree of the same crime. G.S. 15-170. Wrongful breaking or entering without intent to commit a felony or other infamous crime is a lesser degree of felonious breaking or entering within G.S. 14-54.

The evidence as to defendant's intent was circumstantial and did not point unerringly to an intent to commit a felony; the jury might have found defendant guilty of a misdemeanor upon the evidence.

The court's failure to submit for jury consideration and decision whether plaintiff was guilty of a misdemeanor was prejudicial error. Error in this respect was not cured by a verdict convicting defendant of a felony. *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27.

New trial.