STATE OF NORTH CAROLINA v. RAYMOND BIGGS
No. 6917SC101

(Filed 5 February 1969)

**Burglary and Unlawful Breakings § 7;   Criminal Law § 115—   submission of non-felonious breaking or entering**

In a prosecution for the felony of breaking and entering a store building with the felonious intent to steal property therefrom, failure of the court to submit the issue of defendant's guilt of non-felonious breaking or entering is prejudicial error where the evidence tends to show that no personal property was taken from the building and the only evidence of defendant's alleged felonious intent to steal is circumstantial.

APPEAL by defendant from *Beal, S.J.*, October 1968 Session of Superior Court of ROCKINGHAM County.

Defendant was tired on a bill of indictment charging him and another with the felony of breaking and entering the store of Lowes Mayodan Associate Store, Inc., (Lowes) on 11 January 1968 with the felonious intent to steal therefrom property belonging to Lowes, in violation of G.S. 14-54.

The defendant offered no evidence.

STATE v. BIGGS

The jury returned a verdict of guilty. From a judgment of imprisonment, the defendant appeals, assigning error.

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Gwyn, Gwyn & Morgan by Melzer A. Morgan, Jr., for the defendant appellant.*

MALLARD, C.J.

The State's evidence was circumstantial. It tended to show that the defendant, together with another man, broke a window in the store building of Lowes in which personal property owned by Lowes was situated on 11 January 1968 and entered the building. The evidence further tended to show that no personal property was taken and that none of the personal property of Lowes was missing therefrom. The defendant was apprehended that same night about three-fourths of a mile from Lowes.

Defendant assigns as error the fact that the trial court failed to instruct and submit to the jury the issue of defendant's guilt of non-felonious breaking or entering, which is a lesser degree of the crime charged.

There was ample evidence to submit the question of the guilt or innocence of the defendant on the felony charge of breaking or entering as well as the lesser included offense of non-felonious breaking or entering, which is a misdemeanor.

We are of the opinion and so hold that the court's failure to submit for jury consideration and decision the lesser included offense of the misdemeanor of breaking or entering was prejudicial error. Decision in this case is controlled by *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27. The other cases cited by the State are factually distinguishable.

Defendant has other assignments of error, but since the case goes back for a new trial, we do not deem it necessary to discuss them.

New trial.

BRITT and PARKER, JJ., concur.