STATE OF NORTH CAROLINA v. CHARLES EDSOL THOMAS, JR.

STATE OF NORTH CAROLINA v. DANIEL WAYNE CHRISTMAS

STATE OF NORTH CAROLINA v. MARK ASHLEY KING

No. 8015SC900

(Filed 2 June 1981)

1. **Burglary and Unlawful Breakings § 7— first degree burglary—police officers as occupants of dwelling—failure to submit second degree burglary**

   In this prosecution of three defendants for first degree burglary, the trial court did not err in failing to submit to the jury the lesser included offense of second degree burglary where all the evidence showed that at the time of the breaking and entering four sheriff's deputies were present in the victim's dwelling with his knowledge and consent, since the deputies were persons in actual occupation of the dwelling at the time of the breaking and entering within the meaning of G.S. 14-51.

2. **Burglary and Unlawful Breakings § 7— first degree burglary—failure to submit misdemeanor breaking and entering**

   In this prosecution of three defendants for first degree burglary, the trial court erred in failing to submit to the jury the issue of one defendant's guilt of the lesser included offense of misdemeanor breaking and entering where such defendant presented evidence tending to show that he believed that the break-in was being committed at the home of the parents of a State's witness in order for the witness to remove his personal belongings and that he had no knowledge of any plans to commit larceny in the home. However, the trial court did not err in failing to submit misdemeanor breaking and entering issues as to the other two defendants where there was evidence that those two defendants planned to commit the felony of larceny at the home and there was no evidence that defendants broke and entered the home for some other reason.

3. **Burglary and Unlawful Breakings §§ 5, 5.5— first degree burglary—aiding and abetting in first degree burglary—sufficiency of evidence**

   The State's evidence was sufficient for the jury on the issue of one defendant's guilt of first degree burglary of a dwelling occupied by four law officers. Furthermore, the State's evidence was sufficient to be submitted to the

State v. Thomas and State v. Christmas and State v. King

jury on the issue of a second defendant's guilt of first degree burglary as an aider and abettor where it tended to show that such defendant transported other defendants to the scene of the crime, let them out of his van in a location designed to avoid detection, left the scene so as not to attract attention, and intended to return at a predesignated time and place to assist the other defendants in their escape.

**4. Bills of Discovery § 6— discovery in criminal case—witness who was no longer codefendant—testimony by such witness**

The trial court did not err in failing to compel the district attorney, pursuant to G.S. 15A-903(b), to furnish defendants with copies of any written, recorded or oral statements made by a State's witness where charges against the witness had been dismissed and the witness was therefore not a codefendant at the time defendants filed their motions for discovery.

**5. Criminal Law § 91.6— denial of continuance—discovery motion still pending—absence of prejudice**

Defendants were not denied a reasonable time and opportunity to investigate and produce competent evidence in their defense by the denial of their motions for continuance while their motions for discovery of a witness's statement were still pending where the record disclosed that the trial court again denied defendants' motion for a continuance after it denied their discovery motions; almost four months elapsed between the time counsel was appointed for defendants and the time of their trial; and defendants failed to show how their cases would have been better prepared had the continuance been granted.

**6. Criminal Law § 21— time of hearing pretrial motions**

The trial court did not err in denying one defendant's motion that hearings on pretrial motions filed in his behalf be set prior to the date of trial. G.S. 15A-952(f).

**7. Criminal Law § 128.2— statement by prospective juror—failure to declare mistrial**

The trial court did not err in refusing to grant a mistrial when one prospective juror during jury selection stated, in the presence of the entire jury panel, that he believed a defendant was guilty until proven innocent and that if a police officer apprehended a subject the suspect would be guilty where the court immediately excused the juror and re-instructed the jury panel on the presumption of innocence and repeatedly instructed the jury on the presumption of innocence in the charge.

**8. Criminal Law §§ 7.1, 121— insufficient evidence of entrapment**

The trial court in a first degree burglary case did not err in failing to instruct the jury on the defense of entrapment where a State's witness advised the victim of a plan to burglarize the victim's home on a certain date; the victim, in turn, notified the sheriff; officers were inside the victim's home waiting for the burglars when the crime occurred; the witness had arranged to let the police know if he found out for sure that the victim's home was to be broken into; and there was no evidence from which the jury could infer that the witness was acting as an agent of the police.

APPEAL by defendants from *Brewer, Judge.* Judgments entered 29 April 1980 in Superior Court, CHATHAM County. Heard in the Court of Appeals 5 February 1981.

Defendants were indicted for first degree burglary. The cases were consolidated for trial. State's evidence tended to show that Ned Battle Diggs, Jr. [hereafter "Ned Diggs" or "Diggs"] advised G. R. Farrell on 24 January 1980 of a plan to burglarize Farrell's home on 25 January. Mr. Farrell, in turn, notified Jack Elkins, Sheriff of Chatham County. Mr. Farrell had four children, including a son who played basketball. The entire family usually attended the basketball games, leaving the house unoccupied. A basketball game was scheduled for Friday night, 25 January 1980.

Ned Diggs testified that at the time of the offense, he was living with his brother, Charles Diggs, at his brother's home. He further testified that on the evening of 25 January, 1980, he and the defendants met at his brother's house and left together on defendant Thomas' van. After riding around for a time, they rode to Mr. Farrell's house. Defendant Christmas was driving the van at this time. Defendant Christmas let Diggs and defendants Thomas and King out of the van 600 feet from the Farrell house and was told by them to return in fifteen minutes and pick them up at a spot to be marked on the shoulder of the road by a log. Diggs and defendants Thomas and King walked across an open field to the back porch of the Farrell house. Defendant Thomas removed the screen from a window and opened the window. King crawled through the window, unlocked the back door, admitted defendant Thomas and the two proceeded into the home.

The State's evidence further tended to show that at that point, officers stationed inside the house ordered the defendants to halt. Defendant King was captured in the house. Defendant Thomas ran out of the house, breaking the back door in the process, and escaped. Defendant King admitted to Mr. Farrell that he had intended to steal a microwave oven from the Farrell home. Ned Diggs testified that King had said that he was going to use the money realized from the break-in for a downpayment on a motorcycle. Defendant Christmas was apprehended in the van owned by defendant Thomas at Farrell's nearby store.

Defendant Thomas presented no evidence. Defendant Christmas did not testify but presented the testimony of Tim Long, who was with defendant Christmas during the day of 25 January. Mr. Long testified that at about 7:00 p.m. on that day he took defendant Christmas to Charles Diggs' house. He heard no discussion of any burglary or break-in plans while he was there.

Defendant King testified in his own behalf. He testified that while they were at Charles Diggs' house, Ned Diggs told him that he wanted to remove some personal belongings from his parents' house and that he would give the defendants a bottle of liquor if they would take him to the house. The defendants rode around in defendant Thomas' van that evening, during which time defendant King was lying in the back of the van drinking wine. He heard no conversations during this time. At one point, defendant Christmas began driving the van. Defendants King and Thomas and Ned Diggs left the van and walked up to a house which defendant King believed belonged to Diggs' parents. They accompanied Diggs to the house because Diggs anticipated taking more things than one person could carry. Defendant King heard defendant Thomas tell Diggs "[i]t's your house, you go up there," and to go in and get what he needed and to come back. He then heard Diggs respond by saying "[w]ell, I'll be back in a minute." He and defendant Thomas waited in the yard three or four minutes while Diggs went up on the porch, and then followed him onto the porch. Defendant Thomas removed the screen from a window and opened the window. Defendant King crawled through the window and opened the back door of the house. He was then apprehended by the police officers. Defendant King also testified that when they were standing in the kitchen, Mr. Farrell asked him why he had come into the house. He responded by pointing to a cabinet where he thought the liquor would have been. A microwave oven had been sitting on that cabinet. Defendant King testified, "[w]hen we arrived at the Farrell house, I assumed we were at the home of Ned's parents. I found out differently when someone said '[h]alt, freeze.'" Defendant King also offered four character witnesses.

The jury found all three defendants guilty of first degree burglary as charged. From judgments sentencing them to active terms of imprisonment, defendants appeal.

*Attorney General Edmisten by Assistant Attorney General George W. Lennon, Assistant Attorney General Tiare B. Smiley and Assistant Attorney General Henry T. Rosser, for the State.*

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave by Martin J. Bernholz and Gunn and Messick by Robert L. Gunn, for the defendant-appellant Charles Edsol Thomas, Jr.*

*J. Samuel Williams, for the defendant-appellant Daniel Wayne Christmas.*

*Dark & Paschal by L. T. Dark, Jr., for the defendant-appellant Mark Ashley King.*

MARTIN (Robert M.), Judge.

We first note that defendant Thomas failed to set out and discuss his eighth assignment of error in his appellate brief; defendant King failed to set out and discuss his third, fourth, eighth, sixteenth and seventeenth assignments of error in his appellate brief; and defendant Christmas failed to set out and discuss his fourth, sixth, sixteenth, eighteenth and twenty-first assignments of error in his appellate brief, thereby abandoning them. Rule 28(a), N.C. Rules App. Proc. In addition, defendant King failed to set forth any argument or authority for his fifth assignment of error in his appellate brief, therefore it is also deemed abandoned. *Id.* "App. R. 28(a) requires that a question be presented *and argued* in the brief in order to obtain appellate review." *Love v. Pressley*, 34 N.C. App. 503, 514, 239 S.E. 2d 574, 581 (1977), *rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978).

Defendant Christmas, by his fifteenth, nineteenth and twentieth assignments of error, defendant Thomas, by his fifth and seventh assignments of error and defendant King, by his twelfth, thirteenth, fourteenth and fifteenth assignments of error, present the question of whether the trial court erred in failing to submit to the jury as possible alternative verdicts the lesser included offenses of second degree burglary and misdemeanor breaking and entering. N.C. Gen. Stat. § 15-170 provides that upon the trial of any indictment, the defendant may be convicted of the crime charged therein or of a lesser degree of the same crime. However, the necessity of charging on a crime of a lesser degree arises only when there is evidence from which the jury could find that a crime of lesser degree was committed. *State v. Jolly*, 297 N.C.

121, 254 S.E. 2d 1 (1979); *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972); *State v. Murry*, 277 N.C. 197, 176 S.E. 2d 738 (1970). With this fundamental principle in mind, we will discuss the two proposed lesser included offenses separately.

[1]  With regard to second degree burglary, the defendants contend that the law enforcement officials were not occupants of the Farrell home at the time of the breaking and entering within the meaning of N.C. Gen. Stat. § 14-51. That statute divides the common law crime of burglary into two degrees, first and second degree burglary, the sole distinction being the element of occupancy. *State v. Jolly, supra.*

N.C. Gen. Stat. § 14-51 states, in pertinent part:

If the crime be committed in a dwelling house, or in a room used as a sleeping apartment in any building, and *any person is in the actual occupation* of any part of said dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree. (Emphasis added.)

In *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967), Justice Lake, speaking for the Court, held: "If the burglary occurred — *i.e.*, the breaking and entry occurred — while the dwelling house was actually occupied, that is, *while some person other than the intruder* was in the house, the crime is burglary in the first degree." (Emphasis supplied.) *Id.* at 595, 155 S.E. 2d at 274.

In the present case, all of the evidence showed that at the time of the breaking and entering four sheriff's deputies were present in the Farrell house with the knowledge and consent of the owner. Their occupancy of the house at the owner's request was rightful as against the burglar. Each of them was "some person other than the intruder." *Id.* We hold that the police officers were persons in actual occupation of the dwelling house at the time of the commission of the crime within the meaning of N.C. Gen. Stat. § 14-51. The appellate courts of this State have repeatedly held that where there is no evidence that the dwelling house was unoccupied at the time of the breaking and entry, the trial court may not instruct the jury that it may return a verdict of burglary in the second degree. *State v. Nelson*, 298 N.C. 573, 260 S.E. 2d 629 (1979), *cert. denied*, 446 U.S. 929 (1980); *State v.*

*Tippett, supra; State v. McAfee*, 247 N.C. 98, 100 S.E. 2d 249 (1957). Thus, the trial judge in the present case correctly refused to submit second degree burglary to the jury as a possible verdict and the defendants' assignments of error regarding this issue are overruled.

[2] With regard to the lesser included offense of misdemeanor breaking and entering, the same fundamental rules applies, *i.e.*, the trial judge must submit the misdemeanor to the jury as a possible verdict only if there is evidence from which the jury could find that the lesser included offense was committed. *State v. Jolly, supra; State v. Davis, supra; State v. Murry, supra*. In the case *sub judice*, if there is any evidence from which the jury could find that the defendants broke and entered the Farrell residence without the intent to commit larceny therein, the trial judge erred in failing to charge the jury on the misdemeanor. The presence of such evidence is the test.

Defendant King testified that at all times before the officers in the Farrell house shouted "halt," he believed that he, Ned Diggs and defendant Thomas were breaking into Diggs' parents' house in order for Diggs to remove some of his personal belongings. Defendant King's testimony, that he had no knowledge of any plans to burglarize the Farrell residence was supported by the testimony of Sheriff Elkins that Ned Diggs had furnished him with two suspects' names prior to the break-in and that defendant King's name was not one of the two. If the jury had believed defendant King's testimony, it could have found him guilty only of misdemeanor breaking and entering, as his testimony tended to negate the element of intent to commit larceny in the house he was breaking and entering. Where there is evidence that a crime of a lesser degree was committed, the trial court must submit the lesser crime to the jury for its consideration. *State v. Davis, supra*. There was plenary evidence in this case that defendant King was guilty only of misdemeanor breaking and entering, if the jury believed it. The trial court's failure to submit for the jury's consideration and decision whether defendant King was guilty of the misdemeanor was prejudicial error. Error in this respect is not cured by a verdict convicting defendant King of the felony. *State v. Worthey*, 270 N.C. 444, 154 S.E. 2d 515 (1967); *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). We hold, therefore, that defendant King is entitled to a new trial. Because

of our holding, we will not address defendant King's remaining assignments of error.

The case against defendant Christmas was submitted to the jury upon the theory of aiding and abetting defendants Thomas and King in committing first degree burglary. To prove its case against defendant Christmas, the State had to prove that *either* defendant Thomas *or* defendant King was guilty of first degree burglary, *see State v. Austin*, 31 N.C. App. 20, 228 S.E. 2d 507 (1976), and also had to prove that defendant Christmas aided or abetted one of them in the burglary. *See State v. Spencer*, 27 N.C. App. 301, 219 S.E. 2d 231 (1975). It follows that prejudicial error in the trial of defendant King alone does not constitute error prejudicial to defendant Christmas.

Defendants Thomas and Christmas argue that there was evidence from which the jury could infer that they also believed that they were aiding Ned Diggs in removing his personal belongings from his father's house. Defendants Thomas and Christmas, however, derive no benefit from defendant King's testimony because that testimony related only to defendant King's understanding and general impressions. King did not testify that Diggs made any representations regarding the house to defendants Thomas or Christmas. Defendant King could not testify as to what the other defendants thought or believed. Defendants Thomas and Christmas did not testify. The record contains no direct evidence as to what defendants Christmas and Thomas believed or knew about the breaking and entering.

Thus, we must determine whether the record contains any evidence from which the jury could find that defendants Christmas and Thomas committed the lesser included offense of misdemeanor breaking and entering. Defendants contend that because there was no evidence that any property was taken from the Farrell home, the evidence regarding defendants' intent to commit larceny therein was merely circumstantial and did not point unerringly to an intent to commit the felony, therefore, the trial court erred by not submitting the misdemeanor to the jury. We disagree with defendants' analysis in this case.

Defendants cite four cases holding that a trial court erred by failing to submit the lesser included offense of misdemeanor breaking and entering as a possible verdict in support of their

contention. In *State v. Worthey*, 270 N.C. 444, 154 S.E. 2d 515 (1967), the defendant was charged with feloniously breaking and entering a building where personal property was kept with the intent to steal and carry away personal property in violation of N.C. Gen. Stat. § 14-54. The evidence tended to show only that the defendant was apprehended in the building and that screens had been torn off two windows in the building. In *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965), the defendants were charged with feloniously breaking and entering a building wherein personal property was kept with the intent to steal, take and carry away the personal property. The State's evidence tended to show that the defendants broke windows in the building and entered the building. The defendants fled after being confronted by someone in the building. There was no evidence that any property in the building was stolen or disturbed. In *State v. Biggs*, 3 N.C. App. 589, 165 S.E. 2d 560 (1969), the defendant was charged with felonious breaking and entering with the intent to steal. The State's evidence tended to show that the defendant and another man broke a window in a store and entered the building. The State's evidence also tended to show that no property was taken from the store. The defendant offered no evidence. Finally, in *State v. Thorpe*, 274 N.C. 457, 164 S.E. 2d 171 (1968), the defendant was charged with first degree burglary, *i.e.*, breaking and entering an occupied dwelling house at nighttime with the intent to commit rape therein. The State's evidence tended to show that the female occupant of the house woke up to see the defendant standing in her room. When the witness spoke, the defendant fled. The State's evidence also tended to show that on three prior occasions on the same day, the defendant, who was mentally retarded, had made improper proposals to three other women and that each time his advances were rejected, the defendant had abandoned them without the slightest show of force. The Supreme Court held that the trial court erred by failing to submit the lesser included offense of non-felonious breaking and entering to the jury, as there was evidence from which the jury could infer that defendant broke and entered "with the non-felonious intent of stopping short of the use of force." *Id.* at 464, 164 S.E. 2d at 176.

The briefs filed on the State's behalf cite two cases in support of its contention that the trial court did not err in refusing to submit the lesser-included offense of misdemeanor breaking and entering to the jury. In *State v. Faircloth*, 297 N.C. 388, 255

S.E. 2d 366 (1979), the defendant was charged with first degree burglary, *i.e.*, feloniously breaking and entering the dwelling house of another at nighttime with the intent to commit rape therein. The State's evidence in that case tended to show that the defendant had removed a window screen and entered the occupied dwelling of the victim in the nighttime; that the victim began screaming when she awoke suddenly and saw the defendant standing at the foot of her bed; that the defendant pulled the sheets off the victim's bed, jumped on top of her, attempted to kiss her and struck her on her head; and that the defendant fled the scene after the victim shot at him twice. The defendant's evidence in that case was to the effect that he had entered the victim's home at her invitation. The Supreme Court held that there was no evidence of a non-felonious breaking or entering in that case, thus the trial court did not err by refusing to submit that possible verdict to the jury.

In *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972), the defendant was charged with first degree burglary and rape. The State's evidence tended to show that the defendant broke and entered an occupied dwelling house at nighttime and committed the felony of rape therein. Defendant's evidence tended to show that he had been invited into the house and that he had not raped the victim. The Supreme Court held that there was no evidence of any lesser included offense and that the trial court did not err by failing to instruct the jury on any lesser included offenses.

In two other cases, this Court held that the trial judge did not err in failing to submit misdemeanor breaking and entering to the jury as a possible verdict. In *State v. Johnson*, 1 N.C. App. 15, 159 S.E. 2d 249 (1968), the defendant was charged with felonious breaking and entering with the intent to commit larceny and with larceny. The defendant denied being present in the building. This Court stated:

> All the evidence tends to show that the breaking or entering of Mr. Shore's building on November 4, 1967, was done with the intent to commit the crime of larceny of merchandise therein, and larceny under such circumstances is a felony. G.S. 14-72. The evidence shows that approximately $500 of the merchandise belonging to Mr. Shore was stolen from this building on this date, and included in the merchandise in the

building were buns or cookies such as the one the defendant had on his person when approached. *This distinguishes this case from State v. Jones, 264 N.C. 134, 141 S.E. 2d 27, in which there was no evidence of any property having been stolen.* (Emphasis added.)

*Id.* at 19-20, 159 S.E. 2d at 252.

In *State v. Martin,* 2 N.C. App. 148, 162 S.E. 2d 667, *cert. denied* 274 N.C. 379 (1968), the defendants were charged with breaking and entering a house with the intent to commit a felony therein. The State's evidence tended to show that the defendants were surprised in a home which they had broken and entered by the returning homeowners. The defendants fled, leaving furnishings and other property in the home in disarray. This Court held that the trial court did not err by failing to submit the lesser included offense of misdemeanor breaking and entering as a possible verdict to the jury because

the evidence points unerringly to an intent to commit a felony and differentiates this case from *State v. Jones, supra* [264 N.C. 134, 141 S.E. 2d 27], and *State v. Worthey, supra.* The evidence leaves no doubt but that defendants were interrupted in their mission, and the fact that they were unsuccessful does not entitle them to a charge on the lesser degree of the crime charged.

*State v. Martin, supra* at 151-2, 162 S.E. 2d at 670.

Thus, it seems clear, from a close analysis of the above-discussed cases, that where the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property, the appellate courts of this State have consistently and correctly held that the trial judge must submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict. *State v. Thorpe, supra; State v. Worthey, supra; State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27 (1965); *State v. Biggs, supra.* However, where there is some additional evidence of the defendant's intent to commit the felony named in the indictment in the building or dwelling, such as evidence that the felony was committed, *State v. Davis, supra; State v. Johnson, supra,* or evidence that the felony was attempted, *State v. Faircloth, supra; State v. Martin, supra,* or, as in the

State v. Thomas and State v. Christmas and State v. King

case *sub judice,* evidence that the felony was planned, and there is no evidence that the defendant broke and entered for some other reason, then the trial court does not err by failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict. We hold therefore that the trial judge did not err in failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict as to defendants Thomas and Christmas.

Defendant Christmas, by his eleventh assignment of error, contends the trial court erred by denying his motion to dismiss at the close of the State's evidence. By introducing evidence in his defense, defendant Christmas waived his right to except on appeal to the denial of his motion to dismiss at the close of the State's evidence. N.C. Gen. Stat. § 15-173; *State v. Jones,* 296 N.C. 75, 248 S.E. 2d 858 (1978).

[3] Defendant Thomas, by his third assignment of error, and defendant Christmas, by his twelfth assignment of error, contend the trial court erred by denying their motions to dismiss at the close of all the evidence. When ruling on a defendant's motion to dismiss, the question for the court is whether substantial evidence which will support a reasonable inference of the defendant's guilt has been introduced. In deciding this question, the trial court must consider the evidence in the light most favorable to the State. *State v. Thomas,* 296 N.C. 236, 250 S.E. 2d 204 (1978); *State v. McNeil,* 46 N.C. App. 533, 265 S.E. 2d 416, *cert. denied,* 300 N.C. 560, 270 S.E. 2d 114 (1980).

The elements of burglary in the first degree are: (1) breaking (2) and entering (3) in the nighttime (4) with the intent to commit a felony (5) into a dwelling house or room used as a sleeping apartment in any house or sleeping apartment (6) which is actually occupied at the time of the offense. N.C. Gen. Stat. § 14-51; *State v. Accor,* 277 N.C. 65, 175 S.E. 2d 583 (1970). As stated in *State v. Accor, id.,*

> [n]umerous cases . . . hold that an unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony. The fundamental theory, in the absence of evidence of other intent or explanation for breaking and

entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft.

*Id.* at 73-4, 175 S.E. 2d at 589. It is clear that the evidence, viewed in the light most favorable to the State, was sufficient to submit the case against defendant Thomas to the jury on the charge of first degree burglary.

The case against defendant Christmas was submitted to the jury upon the theory that he aided and abetted defendants Thomas and King in committing first degree burglary. We hold the evidence, viewed in the light most favorable to the State, was sufficient to submit the case against defendant Christmas to the jury upon the theory of aiding and abetting defendant Thomas in committing first degree burglary. There was substantial evidence that defendant Thomas was guilty of first degree burglary, *see State v. Austin*, 31 N.C. App. 20, 228 S.E. 2d 507 (1976), and that defendant Christmas aided or abetted him in the burglary. *See State v. Spencer*, 27 N.C. App. 301, 219 S.E. 2d 231 (1975). An aider and abettor is one who was present, either actually or constructively, at the scene of the crime with the intent to aid the perpetrators, if necessary, and who communicated, in some manner, his intent to render assistance to the actual perpetrators. *State v. Rankin*, 284 N.C. 219, 200 S.E. 2d 182 (1973); *State v. Glaze*, 37 N.C. App. 155, 245 S.E. 2d 575 (1978). "In order to determine whether a defendant is present, the court must determine whether 'he is near enough to render assistance if need be and to encourage the actual perpetration of the felony.'" *State v. Lyles*, 19 N.C. App. 632, 635, 199 S.E. 2d 699, 701, *appeal dismissed*, 284 N.C. 426, 200 S.E. 2d 662 (1973).

Viewed in the light most favorable to the State, the evidence showed that defendant Christmas transported the defendants to the scene of the crime, let them out of the van in a location designed to avoid detection, left the scene so as not to attract attention, and intended to return at a predesignated time and place to assist in the escape. Without the defendant Christmas' assistance as a driver, the burglary could not have been committed.

> One who . . . accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding

and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225.

*State v. Price,* 280 N.C. 154, 158, 184 S.E. 2d 866, 869 (1971).

Defendant Christmas, by his second assignment of error, and defendant Thomas, by his first assignment of error, contend that the court erred in denying their pre-trial motions for discovery. We do not agree.

[4]  Defendants contend the court erred by failing to compel the district attorney, pursuant to N.C. Gen. Stat. § 15A-903(b), to furnish them with copies of any written, recorded or oral statements made by Ned Diggs.

G.S. 15A-903(b) provides:

Upon motion of a defendant, the court must order the prosecutor:

(1) To permit the defendant to inspect and copy or photograph any written or recorded statement *of a codefendant* which the State intends to offer in evidence at their joint trial; and

(2) To divulge, in written or recorded form, the substance of any oral statement made *by a codefendant* which the State intends to offer in evidence at their joint trial. (Emphasis added.)

Ned Diggs was originally charged, along with the defendants, with the burglary of the Farrell residence. The district attorney dismissed the charges against Diggs on 25 March 1980. Defendant Thomas filed his motion for discovery on 18 April 1980 and defendant Christmas filed his motions for discovery 3 April 1980. On those dates, Diggs was not a codefendant. In *State v. Hardy,* 293 N.C. 105, 235 S.E. 2d 828 (1977) the Supreme Court held that G.S. 15A-904 does not require production of statements made by witnesses or prospective witnesses for the State. There has been no showing that the district attorney failed to disclose any evidence material or favorable to the defendants and no showing

how effective assistance of counsel has been impaired. Therefore, by statute, defendants were not entitled to pre-trial discovery of the statement of Diggs, nor have their constitutional rights been violated. These assignments of error are therefore overruled.

Defendant Christmas, by his third assignment of error, contends that the trial court erred by failing to suppress the testimony of Ned Diggs as it related to defendant Christmas. Prior to trial, this defendant's counsel wrote a letter dated 14 March 1980 to the district attorney, pursuant to Article 48 of N.C. Gen. Stat. Ch. 15A, requesting that the prosecution furnish copies or inspection of written or recorded statements by codefendants and divulge the substance of any oral statements by codefendants which the State intended to use or offer at the trial. The assistant district attorney responded to that request on 25 March 1980, stating that there were no statements of codefendants which the State intended to introduce at their joint trial. As previously pointed out, the district attorney dismissed the charges against Diggs on 25 March 1980. This assignment of error is overruled.

Defendants Thomas and Christmas contend by their first assignments of error the court erred by failing to grant their motions for a continuance. As a general rule, a motion for a continuance is addressed to the sound discretion of the trial judge whose ruling thereon is subject to review only in case of manifest abuse of discretion. *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551 (1976); *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617 (1968); *State v. Penley*, 6 N.C. App. 455, 170 S.E. 2d 632 (1969), *cert. denied*, 276 N.C. 85 (1970). Where, however, a motion for continuance in a criminal case is based upon a right guaranteed by the federal or state constitutions, the question is one of law, and the ruling of the court is one of law and not of discretion and is reviewable on appeal. *State v. Brower, supra; State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325, *death penalty vacated*, 428 U.S. 904, 49 L. Ed. 2d 1211, 96 S.Ct. 3212 (1976); *State v. Moore*, 39 N.C. App. 643, 251 S.E. 2d 647, *appeal dismissed*, 297 N.C. 178, 254 S.E. 2d 39 (1979).

[5] Defendants Thomas and Christmas argue that by denying their motions to continue, the trial court deprived them of their constitutional right to due process of law in that they were not allowed a reasonable time and opportunity to investigate and produce competent evidence in their defense. The record discloses that almost four months elapsed from the time counsel was ap-

pointed for defendants Thomas and Christmas and the time of their trial. Defendants contend, nevertheless, that because their motions for discovery of Ned Diggs' statement were still pending, they were entitled to a continuance. The record discloses that the trial court again denied defendants' motions for a continuance after it denied their discovery motions. We hold that the defendants have failed to show how their cases would have been been better prepared had the continuance been granted or that they were prejudiced by the denial of the motions. *See State v. Huffman*, 38 N.C. App. 584, 248 S.E. 2d 407 (1978). These assignments of error are therefore overruled.

[6] By his fifth assignment of error, defendant Christmas contends the trial court erred by denying defendant's motion requesting that hearings on pretrial motions filed in his behalf be set prior to the date of trial. This assignment of error is completely without merit. N.C. Gen. Stat. § 15A-952(f) provides "[w]hen a motion is made before trial, the court in its discretion may hear the motion before trial, on the date set for arraignment, on the date set for trial before a jury is impaneled, or during trial." Defendant Christmas has failed to argue or show any abuse of discretion by the trial court. This assignment of error is overruled.

[7] Defendant Thomas, by his ninth assignment of error, and defendant Christmas, by his twenty-fourth assignment of error, contend the trial court erred in denying their motions for mistrial. During jury selection, one prospective juror stated, in the presence of the entire jury panel, that he believed a defendant was guilty until proven innocent and that if a police officer apprehended a subject the suspect would be guilty. The trial court immediately excused the juror and re-instructed the jury panel on the presumption of innocence. The trial court also repeatedly and specificially instructed the jury on the presumption of innocence at the close of the evidence.

A motion for mistrial should be granted when an occurrence during the trial results "in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061. The decision as to whether substantial and irreparable prejudice has occurred lies within the court's discretion and, absent a showing of abuse of that discretion, the decision of the trial court will not be

disturbed on appeal. *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190 (1968); *State v. Mills,* 39 N.C. App. 47, 249 S.E. 2d 446 (1978), *rev. denied,* 296 N.C. 588, 254 S.E. 2d 33 (1979). In *State v. Dollar,* 292 N.C. 344, 233 S.E. 2d 521 (1977), the Supreme Court held that the trial court did not err by denying the defendant's motion for a mistrial on the basis of a statement by a prospective juror that he had formed an opinion that the defendant was guilty.

The defendants have failed to persuade us that Judge Brewer abused his discretion by denying their motions for a mistrial. In light of the judge's prompt and repeated instructions on the presumption of innocence, we fail to see how defendants were prejudiced by this incident. These assignments of error are overruled.

Defendant Thomas, by his second assignment of error and defendant Christmas, by his seventh, eighth, ninth and tenth assignments of error question the admissibility of certain testimony by G. R. Farrell, Sheriff Elkins, Craig Farrell and Ned Diggs. We have carefully examined the questioned testimony and find no error in its admission.

[8] Defendant Thomas, by his fourth assignment of error, and defendant Christmas, by his thirteenth assignment of error, contend that the trial court erred by failing to instruct the jury on the defense of entrapment. "Entrapment is 'the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting a criminal prosecution against him.' (Citations omitted.)" *State v. Stanley,* 288 N.C. 19, 27, 215 S.E. 2d 589, 594 (1975).

> Whether the defendant was entitled to have the defense of entrapment submitted to the jury is to be determined by the evidence. Before a Trial Court can submit such a defense to the jury there must be some credible evidence tending to support the defendant's contention that he was a victim of entrapment, as that term is known to the law. (Citations omitted.)

*State v. Burnette,* 242 N.C. 164, 173, 87 S.E. 2d 191, 197, 52 A.L.R. 2d 1181, 1190 (1955).

North Carolina follows the majority rule that entrapment is a defense only when the entraper is an officer or agent of the

government. *State v. Whisnant,* 36 N.C. App. 252, 243 S.E. 2d 395 (1978). We find no evidence from which the jury could infer that Ned Diggs was acting as an agent of the police. The full extent of the arrangement between the police and Diggs appears to be Diggs' indication that he would let the police know if he found out for sure that the Farrell house was to be broken into. We find no credible evidence tending to support the defendants' contention that they were victims of entrapment, as that term is known to the law. *State v. Burnette, supra.* These assignments of error are overruled.

Defendant Thomas' sixth assignment of error and defendant Christmas' fourteenth and seventeenth assignments of error are also directed to certain instructions of the trial court to the jury. We are of the opinion that the instructions pertinent to defendants Thomas and Christmas, when construed contextually as a whole, are fair and free from prejudicial error.

In defendant Christmas' appeal — no error.

In defendant Thomas' appeal — no error.

In defendant King's appeal — new trial.

Judges CLARK and MARTIN (Harry C.) concur.