STATE OF NORTH CAROLINA v. BEN CASEY NELSON

No. 8311SC646

(Filed 3 July 1984)

**1. Criminal Law § 105.1— motion to dismiss—introduction of evidence—no renewal of motion**

Defendant, by introducing evidence in his behalf, waived his right to argue on appeal the denial of his motion to dismiss made at the close of the State's evidence. G.S. 15-173.

**2. Criminal Law § 106.2— sufficiency of circumstantial evidence**

When a motion to dismiss calls into question the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances, and, if so, it is for the jury to decide whether the facts, taken singly or together, satisfy them beyond a reasonable doubt that the defendant is guilty.

**3. Homicide § 21.4; Robbery § 4.2— voluntary manslaughter—common law robbery—identity of perpetrator—sufficiency of evidence**

In a prosecution of defendant for common law robbery and voluntary manslaughter, evidence was sufficient to support a reasonable inference of defendant's guilt where the jury could find that the person defendant's companion testified that defendant assaulted was in fact the victim named in this case; money defendant was counting in his companion's presence was taken from the victim; and the victim died as a result of injuries received in the assault rather than from a longstanding respiratory problem.

**4. Homicide § 15.5— cause of death—expert opinion admissible**

The trial court in a prosecution for voluntary manslaughter did not err in allowing a doctor to state his opinion as to the cause of the victim's death, since the witness was tendered and received as an expert in the field of general medicine; he based his opinion on the totality of the evidence before him regarding the injuries the victim received on the night of the assault as well as the victim's preexisting lung disease, and on the witness's medical treatment of him from the date of the assault until his death; and the witness's opinion thus rested on an ample foundation.

**5. Homicide § 30.3— voluntary manslaughter—instruction on involuntary manslaughter not required**

Where all of the evidence indicated that defendant was committing the felony of robbery at the time of the assault, defendant was not entitled to an instruction on involuntary manslaughter.

**6. Homicide § 23.2— manslaughter—cause of death—statutory duty to report—instruction not required**

The trial court properly refused to give an instruction on the requirements of G.S. 130-198 that the attending physician report to the medical examiner of the county the death of any person apparently caused by a

criminal act or by unusual or unnatural circumstances, since evidence of the victim's preexisting lung disease, the attending physician's failure to report the death to the county medical examiner, the fact that no autopsy was performed, and that on the death certificate the attending physician listed cardiac arrest as the cause of death only raised a jury question on the weight and credibility of the State's evidence that the victim died as a result of the injuries he received at the time of the assault, and the court sufficiently and properly instructed the jury on the credibility of the witnesses and on weighing the credibility of the evidence.

**7. Criminal Law § 138.6— sentence—aggravating factors—crime committed for hire or pecuniary gain—counsel at prior convictions**

In imposing sentences for voluntary manslaughter and common law robbery, the trial court erred in considering the aggravating factor that the offenses were committed for hire or pecuniary gain, since there was no evidence of record that defendant was "hired" or "paid" to commit the offenses; however, because defendant failed to raise the issue at the trial level, he could not complain on appeal that the record was silent as to the issue of indigency and lack of assistance of counsel on a prior conviction and the court should not consider the aggravating factor of prior convictions.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 12 January 1983 in Superior Court, HARNETT County. Heard in the Court of Appeals 16 January 1984.

Defendant was tried and convicted of common law robbery and voluntary manslaughter. From judgments imposing an active sentence of eight years for common law robbery and twenty years for voluntary manslaughter, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Joseph L. Tart, for defendant appellant.*

JOHNSON, Judge.

The State offered evidence tending to show that Cleveland Thomas and defendant lived with defendant's mother in Dunn, North Carolina. Cleveland Thomas testified that on 22 June 1982, between 10 p.m. and 11 p.m., he and defendant were returning home in an automobile driven by Thomas. As they approached the Dunn Chapel Church, defendant recognized a tall and slim elderly black man walking across the street. The man was carrying some items in his arms. Defendant directed Thomas to stop the automobile, stating that the man always carried money. When he

stopped the car, defendant jumped out and approached the man as if he was going to talk to him, but instead, grabbed the man by the arm and from the back. The man dropped the items he was carrying as defendant grabbed him and yelled, "stop, don't do it, I'll give you anything if you don't do it." Defendant then dragged the man between the church and another building. A short while later, defendant ran back to the car, jumped in and stated that he "got it" and told Thomas to drive off. Defendant was counting approximately $130.00 in paper money as he got back into the car, and again stated that the man always had money on him. Defendant also stated that the man was carrying some cabbage. Finally, defendant told Thomas not to tell anyone and gave Thomas $20.00 of the money.

The State's evidence further showed that on 22 June 1982, the victim, William H. Evans, was 77 years of age, lived with his great-granddaughter, Elaine Jones, at 612 East Harnett Street, behind the Dunn Chapel Church. Mr. Evans left the house at about 8 p.m. wearing a hat and a blue and white striped shirt. At about 9 p.m., Ms. Jones discovered Mr. Evans on his knees on the outside of their house. He was trying to get up onto the porch and was asking for help. The right side of his face was swollen, his jawbone was crushed and he was bleeding from the ears and nose. He was treated at the emergency room of the hospital and admitted on 23 June 1982, where he remained until his death on 18 July 1982. At or about 11:15 p.m., 22 June 1982, Mr. Evans' hat, a torn part of his shirt, a receipt bearing his name, some cabbage, squash and blood were found in the alley beside Dunn Chapel Church. Ms. Jones testified further that between 22 June and 18 July 1982, the deceased received no injuries in addition to the ones he received 22 June.

Dr. John Mann was tendered and received as an expert in the field of general medicine. He testified that he examined and admitted Mr. Evans to the hospital on 23 June 1982. Mr. Evans remained hospitalized and Dr. Mann treated him from 23 June until his death on 18 July 1982. An examination of Mr. Evans on the 23rd revealed that the entire left side of his face was depressed from multiple facial bone fractures, that he had suffered a fractured nose, a bruised chest wall, abdominal pain and had poor respiratory effort. Dr. Mann further testified that he was knowledgeable concerning Mr. Evans' pre-existing condition and that he

was of the opinion that Mr. Evans died as a result of the injuries he received on 22 June 1982.

Defendant offered evidence which tended to show that he had known the deceased for several years preceding 22 June 1982; that on 22 June 1982 he lived two blocks from 612 East Harnett Street where Ms. Jones and the deceased were living; and that he did not assault or rob the deceased and never saw the deceased on 22 June 1982. Defendant's further evidence tended to show that the deceased had a long history of respiratory problems and that an autopsy was never performed on the body of the deceased to determine the cause of death.

Defendant assigns error to the court's denial of his motions to dismiss at the close of the State's evidence and at the close of all the evidence and denial of his motion to set aside the verdict as contrary to the weight of evidence.

Defendant argues that the evidence is insufficient to show that the person Cleveland Thomas testified that defendant assaulted was in fact William H. Evans or that the money Thomas testified that defendant was counting was taken from William H. Evans or that William H. Evans died as a result of any injuries received in the assault.

[1] Defendant, by introducing evidence in his behalf, waived his right to argue on appeal the denial of his motion to dismiss made at the close of the State's evidence. G.S. 15-173; *State v. Hough*, 299 N.C. 245, 262 S.E. 2d 268 (1980). Therefore, only his motion made at the close of all the evidence may be considered on appeal. *State v. Mendez*, 42 N.C. App. 141, 256 S.E. 2d 405 (1979). When ruling on a motion to dismiss, the question for the court is whether substantial evidence to support a reasonable inference of the defendant's guilt has been introduced. In deciding this question, the trial court must consider the evidence in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the court in ruling upon the motion. *State v. Thomas*, 52 N.C. App. 186, 278 S.E. 2d 535, *cert. denied*, 305 N.C. 591, 292 S.E. 2d 16 (1982).

[2]   When the motion calls into question the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or together, satisfy them beyond a reasonable doubt that the defendant is guilty. *State v. Mapp*, 45 N.C. App. 574, 264 S.E. 2d 348 (1980).

[3]   When the evidence is viewed in the light most favorable to the State and when contradictions and discrepancies are left to the jury to resolve, *State v. Thomas, supra*, there is sufficient evidence to support a reasonable inference of defendant's guilt of each offense. A jury could find that Mr. Evans was the individual defendant recognized, grabbed and dragged to a location beside the Dunn Chapel Church, where he was assaulted and from whom defendant took the money he was counting when he returned to the car. Further, the jury could find from the evidence presented that Mr. Evans died as a result of the injuries he sustained in that assault and robbery. Therefore, the court properly denied defendant's motions to dismiss.

A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court and is not reviewable on appeal in the absence of abuse of that discretion. *State v. Boykin*, 298 N.C. 687, 259 S.E. 2d 883 (1979), *cert. denied*, 446 U.S. 911, 100 S.Ct. 1841, 64 L.Ed. 2d 264 (1980). Where there is sufficient evidence to support the verdict, the trial court acts within its discretion in denying defendant's motion. *Boykin, supra; State v. Leigh*, 278 N.C. 243, 179 S.E. 2d 708 (1971). Here, the evidence is sufficient to support the jury's verdict in each case. Consequently, the court properly denied defendant's motion.

[4]   Defendant contends the trial court erred in allowing Dr. Mann to state his opinion as to the cause of Mr. Evans' death. Defendant argues that there was an insufficient foundation for Dr. Mann's opinion and a lack of competent evidence upon which to base that opinion.

Dr. Mann was tendered and received as an expert in the field of general medicine. He based his opinion on the totality of the evidence before him regarding the injuries Mr. Evans sustained on 22 June 1982; Mr. Evans' basic lung disease pre-existing 22

June 1982; and his medical treatment of Mr. Evans from 23 June 1982 until Mr. Evans' death on 18 July 1982. Thus, the doctor's opinion rested on an ample foundation and we find this assignment of error to be without merit.

By his next two assignments of error, defendant contends the trial court erred in the admission and exclusion of certain other evidence. We have carefully examined these assignments of error and find them to be totally without merit.

[5] Additionally, defendant assigns error to the trial court's refusal to instruct the jury on involuntary manslaughter and G.S. 130-198. However, the trial court is not required to charge the jury upon the question of defendant's guilt of a lesser degree of a crime charged in an indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser charge. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976). In the case *sub judice* defendant was charged in a bill of indictment with second degree murder. The State proceeded to trial on the charge of voluntary manslaughter. The trial court submitted "guilty of voluntary manslaughter" or "not guilty" as the possible verdicts. Defendant argues that involuntary manslaughter should have also been submitted as a possible verdict.

Involuntary manslaughter is the unintentional killing of a human being by an unlawful act not amounting to a felony or by an act done in a criminally negligent way. *State v. Cates*, 293 N.C. 462, 238 S.E. 2d 465 (1977). All of the evidence in the case at bar indicates that defendant was committing the felony of robbery at the time of the assault. There was no evidence to the contrary. Consequently, defendant was not entitled to an instruction on involuntary manslaughter.

[6] Defendant contends the court erred in refusing to give his requested special instructions on G.S. 130-198 which provides, in pertinent part, that the attending physician shall report to the medical examiner of the county the death of any person apparently caused by a criminal act or by unusual or unnatural circumstances. Defendant argues that since the evidence showed that Mr. Evans suffered basic lung disease prior to 22 June 1982, and that on the death certificate Dr. Mann listed cardiac arrest as the cause of death, and that Dr. Mann failed to report Mr. Evans' death to the county medical examiner, and that no autopsy was

performed, defendant was entitled to an instruction on the requirements of G.S. 130-198. Defendant cites no authority for his contention and in our research we find none.

We believe the evidence of Mr. Evans' pre-existing lung disease, Dr. Mann's failure to report the death to the county medical examiner, that no autopsy was performed, and that on the death certificate Dr. Mann listed cardiac arrest as the cause of death, only raises a jury question on the weight and credibility of the State's evidence that Mr. Evans died as a result of the injuries he received on 22 June 1982. From a careful review of the trial judge's jury charge, we find the trial court sufficiently and properly instructed the jury on the credibility of the witnesses and in weighing the credibility of the evidence offered by the State. No additional instructions were necessary and the court properly refused to give an instruction on the requirements of G.S. 130-198.

Defendant also assigns error to the trial court's instruction on the charge of common law robbery. We note that defendant failed to object to the jury charge as it relates to the charge of common law robbery, although given the opportunity to object to the charge out of the hearing of the jury, and although he did in fact object to the failure of the court to give his requested instructions. Therefore, defendant has not preserved this assignment for appellate review. Rule 10(b)(2) of the Rules of Appellate Procedure. Nonetheless, we have carefully reviewed the entire charge and find it to be without prejudicial error.

[7] By his final assignment defendant contends the court erroneously considered factors in aggravation.

In imposing a twenty year sentence for the voluntary manslaughter conviction the court found the following aggravating factors:

(3) The offense was committed for hire or pecuniary gain.

(10) The victim was very young, or very old, or mentally or physically infirm.

(15) The Defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

In imposing an eight year sentence for the common law robbery conviction, the court made separate findings of aggravating factors Nos. (10) and (15) above. Defendant contends the trial court erroneously considered aggravating factors Nos. (3) and (15) as they relate to the voluntary manslaughter conviction and aggravating factor No. (15) as it relates to the common law robbery conviction. Defendant argues that there is no evidence of record to support a finding that the homicide was committed for hire or pecuniary gain or that defendant had counsel or had waived his right to counsel for his prior convictions.[1]

We agree that the trial court erroneously considered aggravating factor No. (3) since there is no evidence of record that defendant was "hired" or "paid" to commit the offense. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983). In *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), the Court ruled that the *initial* burden for raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant. In the case at bar, defendant failed to raise the issue at the trial level and, therefore, will not be heard to complain on appeal that the record is silent as to the issue of indigency and lack of assistance of counsel on a prior conviction. *Thompson, supra.*

We find no error in defendant's conviction in each case and no error in defendant's sentence in the common law robbery case (82CRS5891). For error in finding aggravating fact No. (3), defendant is entitled to a new sentencing hearing in the voluntary manslaughter case (82CRS6122). *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). The voluntary manslaughter case is remanded to the Superior Court, Harnett County, for resentencing.

No error in defendant's convictions.

No error in defendant's sentence in Case No. 82CRS5891.

Remand Case No. 82CRS6122 for resentencing.

Chief Judge VAUGHN and Judge WEBB concur.

---

1. Defendant testified that he has been convicted of breaking and entering, larceny, forgery, and attempted common law robbery.