DAVIS, Judge.
 

 *699
 
 Risa Covington ("Defendant") appeals from his convictions for breaking or entering into a motor vehicle, misdemeanor larceny, injury to personal property, and attaining the status of an habitual felon. On appeal, he contends that (1) the trial court plainly erred by failing to instruct the jury on the lesser-included offense of first-degree trespass; and (2) he received ineffective assistance of counsel. After careful review, we conclude that Defendant received a fair trial free from error.
 

 Factual Background
 

 The State presented evidence at trial tending to establish the following facts: On the morning of 27 September 2012, Samuel King ("King"), the owner of King's Wheels and Tires ("King's Tires") located at 1625 North Church Street in Burlington, North Carolina, arrived at his business and noticed trash strewn on the ground near three cars parked in the parking lot behind the building. King walked toward the vehicles in order to investigate further.
 

 As he approached, he saw Defendant sitting in the driver's seat of a blue Honda Civic (the "Civic"), which was later established as the property of Catherine Woods ("Woods"). He observed Defendant "prying on
 
 *700
 
 the dash" with what appeared to be a screwdriver. King asked Defendant if the Civic belonged to him, and Defendant responded by inaudibly mumbling under his breath. King told
 
 *674
 
 Defendant he was calling the police at which point Defendant got out of the Civic and began walking away from King down North Church Street.
 

 King called 911 and informed the dispatcher of the events that had just transpired. He also reported that Defendant was walking down North Church Street. Officer Johnathan Khan ("Officer Khan") with the Burlington Police Department ("BPD") was dispatched to North Church Street. Shortly thereafter, Officer Khan located Defendant walking along Cobb Avenue one block away from North Church Street.
 

 Officer Khan honked his patrol vehicle's horn twice at which point Defendant stopped, looked back in the direction of Officer Khan, and began walking towards him. Upon seeing Defendant, Officer Khan recognized him from past encounters between them. When Defendant reached the patrol vehicle, Officer Khan asked Defendant if he had been "messing around [with] any cars over here by King's Tire." Defendant denied having done so. Officer Khan detected an odor of alcohol on Defendant's breath and noticed that he was unsteady on his feet.
 

 Officer Khan exited his vehicle and frisked Defendant for weapons. He felt a large object in Defendant's left sleeve as well as metal objects in his left front pockets that he believed could be knives. He searched Defendant's pockets and discovered a pair of vice grip pliers, a ratchet socket, a vehicle oxygen sensor, an electronic device with an attached USB cord, a library card issued in the name of Tiffany Neal, a lighter, three boxes of cologne, lottery tickets, three silver earrings, and other miscellaneous items.
 

 While Officer Khan was in the process of searching Defendant, Officer Justin Jolly ("Officer Jolly") of the BPD went to King's Tires. After speaking with King and checking King's Tires' records, he determined that the owner of the Civic was Woods. He then called her and informed her about the break-in, asking her to come to King's Tires. While Woods was en route, Officer Jolly drove to Officer Khan's location and collected the items Officer Khan had recovered from Defendant. Officer Jolly then returned to King's Tires.
 

 Woods subsequently arrived at King's Tires, and upon speaking with Officer Jolly she identified several of the items recovered from Defendant as her personal property that she had left in her Civic when she dropped it off at King's Tires overnight for maintenance work. Officer Jolly radioed Officer Khan and instructed him to arrest Defendant.
 

 *701
 
 On 28 January 2013, Defendant was indicted on charges of breaking and entering into a motor vehicle, misdemeanor larceny, injury to personal property, and attaining the status of an habitual felon. Beginning on 3 March 2014, a jury trial was held before the Honorable Reuben F. Young in Alamance County Superior Court.
 

 The jury found Defendant guilty of breaking or entering into a motor vehicle, misdemeanor larceny, and injury to personal property. He subsequently pled guilty to attaining the status of an habitual felon. The trial court consolidated Defendant's convictions and sentenced him to 50-72 months imprisonment.
 

 On 3 March 2015, Defendant filed a petition for writ of
 
 certiorari
 
 with this Court seeking review of his convictions despite the fact that he failed to properly enter notice of appeal. On 20 March 2015, we granted Defendant's petition.
 

 Analysis
 

 I. Instruction on Lesser-Included Offense
 

 Defendant's first argument on appeal is that the trial court committed plain error by failing to instruct the jury on the lesser-included offense of first-degree trespass. Specifically, Defendant contends that he presented evidence at trial showing that he lacked the felonious intent necessary to commit the offense of breaking or entering into a motor vehicle, thereby entitling him to a jury instruction on the lesser-included offense. We disagree.
 

 Defendant failed to object at trial to the absence of an instruction on first-degree trespass. Therefore, our review is limited to plain error.
 
 See
 

 *675
 
 N.C.R.App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.").
 

 For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
 

 *702
 

 State v. Lawrence,
 

 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012) (internal citations, quotation marks, and brackets omitted).
 

 It is well settled that a defendant is entitled to have a lesser-included offense submitted to the jury only when there is evidence to support it. The test in every case involving the propriety of an instruction on a lesser grade of an offense is not whether the jury could convict defendant of the lesser crime, but whether the State's evidence is positive as to each element of the crime charged and whether there is any conflicting evidence relating to any of these elements.
 

 State v. Chaves,
 
 --- N.C.App. ----, ----,
 
 782 S.E.2d 540
 
 , 542-43 (2016) (citation and brackets omitted).
 

 "The trial court is not obligated to give a lesser included instruction if there is no evidence giving rise to a reasonable inference to dispute the State's contention."
 
 State v. Lucas,
 

 234 N.C.App. 247
 
 , 256,
 
 758 S.E.2d 672
 
 , 679 (2014) (citation, quotation marks, and ellipses omitted). "Where no lesser included offense exists, a lesser included offense instruction detracts from, rather than enhances, the rationality of the process."
 
 State v. Leazer,
 

 353 N.C. 234
 
 , 237,
 
 539 S.E.2d 922
 
 , 924 (2000) (citation and quotation marks omitted).
 

 The elements of breaking or entering into a motor vehicle are "(1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) containing goods, wares, freight, or anything of value; and (5) with the intent to commit any felony or larceny therein."
 
 State v. Jackson,
 

 162 N.C.App. 695
 
 , 698,
 
 592 S.E.2d 575
 
 , 577 (2004) (citation and emphasis omitted). "First-degree trespass is a lesser-included offense of felonious breaking or entering. Unlike felonious breaking or entering, first-degree trespass does not include the element of felonious intent but rather merely requires evidence that the defendant entered or remained on the premises or in a building of another without authorization."
 
 Lucas,
 

 234 N.C.App. at 256
 
 ,
 
 758 S.E.2d at 678-79
 
 (internal citation omitted).
 

 Defendant concedes that there was sufficient evidence to submit the offense of breaking or entering into a motor vehicle to the jury. He argues, however, that conflicting evidence existed as to his intentions for entering the Civic. In support of this argument, Defendant speculates that he
 
 may
 
 have entered the Civic for the purpose of sleeping because he was drunk, had been kicked out of his sister's house the previous night, and had occasionally broken into other vehicles and buildings in the past when similarly intoxicated in order to find a place to sleep.
 

 *703
 
 The fatal flaw with Defendant's argument is that he unambiguously testified at trial that he had no memory at all of the events surrounding his forced entry into the Civic. Defendant testified as follows on direct examination:
 

 Q. Okay. Risa, do you remember this night in question?
 

 A. I don't.
 

 Q. Do you remember any of it at all?
 

 A. None of it.
 

 Q. Okay. Why don't you remember, if you know?
 

 A. I was drunk.
 

 ....
 

 Q. Do you remember speaking to Officer Kahn [sic]?
 

 *676
 
 A. No. No, sir.
 

 Q. Okay. Do you remember walking down Church Street?
 

 A. No.
 

 Q. Do you remember where you were coming from before 8:30 that morning?
 

 A. No, sir.
 

 Q. What's the first thing that you remember?
 

 A. Nothing really. When I got down here, I got in the holding cell, went to sleep. When I woke up I realized I was in jail.
 

 Q. Didn't know how you got there?
 

 A. No.
 

 ....
 

 Q.... So you don't remember going to King's that day?
 

 A. No, sir.
 

 Because (1) Defendant was unable to remember how or why he entered the Civic; and (2) no witnesses observed him actually sleeping in the vehicle, no evidence was presented at trial tending to support Defendant's hypothesis that he may have broken into the Civic in order to sleep. Indeed, the
 
 only
 
 evidence relating to Defendant's actions while
 
 *704
 
 in the vehicle came from King, who testified that when he first noticed Defendant inside the Civic, Defendant was attempting to pry open the vehicle's front dashboard with a screwdriver.
 

 Thus, the only support for Defendant's argument on this issue is his own pure conjecture, which is insufficient to entitle him to a lesser-included instruction on first-degree trespass.
 
 See
 

 Leazer,
 

 353 N.C. at 240
 
 ,
 
 539 S.E.2d at 926
 
 ("A defendant is not entitled to an instruction on a lesser included offense merely because the jury could possibly believe some of the state's evidence but not all of it. Further, mere speculation as to the rationales for defendant's behavior is not sufficient to negate evidence of premeditation and deliberation." (internal citations, quotation marks, and brackets omitted)).
 

 While Defendant attempts to rely on
 
 State v. Worthey,
 

 270 N.C. 444
 
 ,
 
 154 S.E.2d 515
 
 (1967), and
 
 State v. Peacock,
 

 313 N.C. 554
 
 ,
 
 330 S.E.2d 190
 
 (1985), on this issue, his reliance on these cases is misplaced. In
 
 Worthey,
 
 the defendant was charged with felonious breaking and entering into a building, and on appeal he argued that the trial court erred by failing to give a jury instruction on the lesser-included offense of non-felonious breaking or entering. He testified that upon being discovered by police officers exiting a manufacturing plant he was not authorized to enter, he had told the officers that he went "inside to meet an employee of [the plant] named 'Robert' who was going to give him a ride, and that he used the toilet facilities while inside."
 
 Worthey,
 

 270 N.C. at 445-46
 
 ,
 
 154 S.E.2d at 515-16
 
 . Our Supreme Court awarded the defendant a new trial based on the above-referenced testimony, holding that "[t]he evidence as to defendant's intent was circumstantial and did not point unerringly to an intent to commit a felony; the jury might have found defendant guilty of a misdemeanor upon the evidence."
 
 Id.
 
 at 446,
 
 154 S.E.2d at 516
 
 .
 

 Similarly, in
 
 Peacock,
 
 the defendant was charged with, among other offenses, first-degree burglary and requested an instruction on the lesser-included offense of breaking and entering. His request was denied by the trial court.
 
 Peacock,
 

 313 N.C. at 557
 
 ,
 
 330 S.E.2d at 192-93
 
 . The defendant had told officers that he broke into his landlady's apartment at his boarding house while he was "trip[ping] on ... acid" so that he could talk to her about his rent. He further related that only after breaking into the apartment did he consider robbing her. He then killed the landlady, stole a "money pouch" from her, and left the premises.
 
 Id.
 
 at 556,
 
 330 S.E.2d at 192
 
 .
 

 Our Supreme Court held that
 

 Defendant's statement that he "was standing there [in the living room] thinking about robbing Mrs. Frye" is at
 
 *705
 
 best ambiguous with regard to the question of when he formed an intent to commit larceny. We note, however, that Detective Hill, who transcribed defendant's oral statement, testified on cross-examination that defendant told him that it was
 
 after
 
 he was inside that he decided to rob Mrs. Frye. Detective Hill's interpretation of what defendant said lends credence to defendant's
 
 *677
 
 argument that a juror might also infer that he broke and entered without an intent to commit larceny.
 

 Id.
 
 at 559-60,
 
 330 S.E.2d at 194
 
 . The Court then held that the defendant was entitled to a new trial based on the trial court's failure to instruct the jury on the lesser-included offense of breaking and entering.
 
 Id.
 
 at 561-62,
 
 330 S.E.2d at 195
 
 .
 

 Because here, conversely, Defendant's total lack of memory rendered him unable to offer
 
 any
 
 alternative explanation beyond utter conjecture as to why he entered the Civic,
 
 Worthey
 
 and
 
 Peacock
 
 are inapposite. Thus, in light of his inability at trial to present evidence indicating that he lacked the intent to commit larceny at the time he broke into the Civic, we hold that the trial court did not err at all-much less commit plain error-by failing to instruct the jury on the lesser-included offense of first-degree trespass.
 
 See
 

 Lucas,
 

 234 N.C.App. at 257
 
 ,
 
 758 S.E.2d at 679
 
 ("Thus, in the absence of any evidence disputing the State's theory that Defendants 'cased' the neighborhood and shattered the Merediths' window in the hope of stealing from the home, Defendants have not demonstrated that the trial court's failure to instruct the jury regarding first-degree trespass was error much less plain error.").
 
 [1]
 

 II. Ineffective Assistance of Counsel
 

 Defendant's final argument on appeal is that he received ineffective assistance of counsel. Specifically, he contends that his trial counsel's failure to request an instruction on the lesser-included offense of first-degree trespass constituted ineffective assistance of counsel. We disagree.
 

 *706
 
 "In order to prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
 
 State v. Edgar,
 
 --- N.C.App. ----, ----,
 
 777 S.E.2d 766
 
 , 770-71 (2015) (internal citations and quotation marks omitted).
 

 In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal. It is well established that ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendants to bring them pursuant to a subsequent motion for appropriate relief in the trial court.
 

 State v. Turner,
 

 237 N.C.App. 388
 
 , 395,
 
 765 S.E.2d 77
 
 , 83 (2014) (internal citations, quotation marks, and brackets omitted), disc. review denied,
 
 368 N.C. 245
 
 ,
 
 768 S.E.2d 563
 
 (2015). However, "[i]n considering ineffective assistance of counsel claims, if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient."
 
 Id.
 
 at 396,
 
 765 S.E.2d at 84
 
 (citation and brackets omitted).
 

 *678
 
 Here, as discussed above, Defendant was not entitled to a jury instruction on first-degree trespass. Therefore, it would have been futile for his trial counsel to request one. Accordingly, we hold that Defendant has failed to establish an ineffective assistance of counsel claim.
 
 See
 

 Lucas,
 

 234 N.C.App. at 258-59
 
 ,
 
 758 S.E.2d at 680
 
 ("A successful ineffective assistance of counsel claim based on a failure to request a jury instruction
 
 *707
 
 requires the defendant to prove that without the requested jury instruction there was plain error in the charge. Here, we have already determined that the trial court did not commit plain error in its instructions to the jury.... Accordingly, we cannot conclude that their trial counsel's failure to request these instructions constituted ineffective assistance of counsel." (internal citation and quotation marks omitted)).
 

 Conclusion
 

 For the reasons stated above, we conclude that Defendant received a fair trial free from error.
 

 NO ERROR.
 

 Chief Judge McGEE and Judge STEPHENS concur.
 

 [1]
 

 The versions of
 
 Lucas
 
 available online through Westlaw and LexisNexis contain the full sentence quoted above. The South Eastern Reporter, 2d Series also contains this full sentence. The slip opinion available online likewise contains the full sentence. However, a portion of the sentence is missing from the North Carolina Court of Appeals Reports. The North Carolina Court of Appeals Reports contains only the following incomplete sentence: "Thus, in the absence of any evidence disputing the State's theory that Defendants 'cased' the neighborhood and shattered the Merediths' window in the hope of stealing from the home."
 
 Lucas,
 

 234 N.C.App. at 257
 
 ,
 
 758 S.E.2d 672
 
 .