ZACHARY, Judge.
 

 *533
 
 Defendant Cameron Lee Hinton appeals by petition for writ of certiorari from judgments entered upon his two convictions for common law robbery. Defendant argues that the trial court erroneously sentenced him in the aggravated range because the jury did not find the existence of the aggravating factor beyond a reasonable doubt, in violation of
 
 Blakely v. Washington
 
 ,
 
 542 U.S. 296
 
 ,
 
 124 S.Ct. 2531
 
 ,
 
 159 L.Ed.2d 403
 
 (2004), and that his sentence should therefore be vacated and the matter remanded for resentencing. We conclude that any such error was harmless.
 

 Background
 

 A jury found Defendant guilty of two counts of common law robbery on 17 November 2017. Following the verdicts, the trial court dismissed the jury and held a sentencing hearing. The State had given timely notice
 
 *669
 
 of its intent to prove the existence of an aggravating factor in order to increase Defendant's sentences beyond the maximum statutory presumptive range of 25 to 39 months,
 
 [1]
 
 namely: that "during the 10-year period prior to the commission of the offense for which ... [D]efendant is being sentenced," Defendant had been found in willful violation of the conditions of his probation, pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(12a) (2017).
 

 The State offered evidence in support of the aggravating factor at Defendant's sentencing hearing. State's Exhibit 31 established that Defendant was placed on probation in October 2013 pursuant to a suspended sentence following his conviction for assault on a female. The next month, Defendant's probation officer filed a probation violation report alleging that Defendant had willfully violated two conditions of his probation, in that he (1) "failed to make himself available for the mandatory initial home visit," and (2) "failed to provide the probation officer with documentation of enrollment in any abuser treatment program." Defendant's probation violation hearing was scheduled for 12 December 2013. That day, Defendant's probation officer amended the violation
 
 *534
 
 report to include a third probation violation, alleging that Defendant had been convicted the previous day of possession with intent to sell or distribute cocaine, with an offense date of 15 November 2013. State's Exhibit 31 also revealed that Defendant "waived a violation hearing and admitted that he ... violated each of the conditions of his ... probation as set forth" in the violation report. Accordingly, on 12 December 2013, the trial court entered judgment revoking Defendant's probation due to willful violations of the conditions thereof and activated his suspended sentence. Thus, in the instant case, State's Exhibit 31 demonstrated that Defendant had, "during the 10-year period prior to the commission of the [common law robbery] offense[s] for which [he was] being sentenced, been found by a court of this State to be in willful violation of the conditions of probation." N.C. Gen. Stat. § 15A-1340.16(d)(12a).
 

 On the basis of this aggravating factor, the State requested that the trial court sentence Defendant in the aggravated range of 31 to 47 months' imprisonment for his two common law robbery convictions. Defendant, however, citing N.C. Gen. Stat. § 15A-1340.16(a1) and
 
 Blakely
 
 , argued that the existence of the aggravating factor must be found by the
 
 jury
 
 , rather than the sentencing judge. After some discussion, the trial court ultimately found the existence of the aggravating factor, "as evidenced by State's Exhibit 31." The trial court thereafter sentenced Defendant in the aggravated range to two consecutive sentences of 31 to 47 months' imprisonment.
 

 Although Defendant had given oral notice of appeal following the jury's guilty verdicts, he did not expressly give notice of appeal after sentencing because the trial court interjected, "I will allow-notice of appeal has been previously given in this case. We'll accept that notice of appeal. ... I am going to appoint the appellate defender to represent [Defendant] from this point forward." An outburst by Defendant thereafter disrupted the proceedings. Nevertheless, Defendant filed a Petition for Writ of Certiorari with this Court, which we allowed by order entered 25 October 2018.
 

 On appeal, Defendant argues that because the jury did not find the existence of the aggravating factor beyond a reasonable doubt, the trial court was not authorized to sentence him in the aggravated range. Defendant maintains that the matter should therefore be remanded for resentencing.
 

 Discussion
 

 The presumptive sentencing range by which trial courts are to sentence defendants is established by statute, based upon the classification
 
 *535
 
 of the offense of which the defendant was convicted and the defendant's prior record level.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.17. Nevertheless, a sentencing judge may deviate from the presumptive range and impose a sentence in the aggravated range pursuant to N.C. Gen. Stat. § 15A-1340.17(c)(4) if one or more enumerated aggravating
 
 *670
 
 factors are found to exist.
 

 Id.
 

 § 15A-1340.16(b).
 

 N.C. Gen. Stat. § 15A-1340.16(d) sets forth thirty aggravating factors for sentencing purposes. For example, a defendant may be sentenced in the aggravated range if the underlying offense was committed "for the benefit of, or at the direction of, any criminal gang"; while the defendant was on "pretrial release on another charge"; or with the involvement of "a person under the age of 16."
 
 Id
 
 . § 15A-1340.16(d)(2a), (12), (13).
 

 The aggravating factor at issue in the instant case is subdivision (12a), which provides that: "The defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence."
 

 Id.
 

 § 15A-1340.16(d)(12a). In other words, a trial court may impose an aggravated sentence beyond the presumptive range if the defendant has been found in willful violation of the terms of his probation at any time within the previous ten years, even if such violation is unrelated to the offense for which the defendant is currently being sentenced.
 

 The State must provide written notice to a defendant of its intent to prove the existence of an aggravating factor.
 

 Id.
 

 § 15A-1340.16(a6). Thereafter, "[t]he defendant may admit to the existence of [the] aggravating factor."
 

 Id.
 

 § 15A-1340.16(a1). However, "[i]f the defendant does not so admit, only a jury may determine if an aggravating factor is present in an offense[,]"
 

 id.
 

 , which the State will bear "the burden of proving beyond a reasonable doubt[.]"
 

 Id.
 

 § 15A-1340.16(a).
 

 I.
 
 Blakely v. Washington
 

 Before 2005, the State was not required to prove the existence of an aggravating factor beyond a reasonable doubt, but merely by a preponderance of the evidence.
 
 2005 N.C. Sess. Laws 253
 
 , 253, ch. 145, § 1. In addition, the court, rather than the jury, determined whether the State had met that burden.
 

 Id.
 

 In 2005, the General Assembly revised the governing sentencing statutes in order to "conform with the United States Supreme Court decision in
 
 Blakely v. Washington
 
 ."
 

 Id.
 

 In
 
 Blakely
 
 , the United States Supreme Court addressed Washington's statutory regime, which allowed a trial judge to sentence a defendant
 
 *536
 
 "beyond the standard maximum" sentencing range upon the trial judge's finding of one or more "statutorily enumerated ground[s] for departure" therefrom.
 
 Blakely
 
 ,
 
 542 U.S. at 300
 
 ,
 
 124 S.Ct. at 2535
 
 ,
 
 159 L.Ed.2d at 411
 
 . The
 
 Blakely
 
 defendant had "pleaded guilty to the kidnapping of his estranged wife," and "[t]he facts admitted in his plea, standing alone, supported a maximum sentence of 53 months."
 

 Id.
 

 at 298
 
 ,
 
 124 S.Ct. at 2534
 
 ,
 
 159 L.Ed.2d at 410
 
 . Nevertheless, "[p]ursuant to state law, the court imposed an 'exceptional' sentence of 90 months after making a judicial determination that he had acted with 'deliberate cruelty.' "
 

 Id.
 

 The issue presented to the Supreme Court was "whether this violated [the defendant's] Sixth Amendment right to trial by jury."
 

 Id.
 

 The Court concluded that it did.
 

 "Taken together," the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment "indisputably entitle a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 477,
 
 120 S.Ct. 2348
 
 , 2355-56,
 
 147 L.Ed.2d 435
 
 , 447 (2000) (brackets and quotation marks omitted).
 
 Apprendi
 
 addressed the definition of an "element of the crime,"
 

 id.
 

 , and established the following rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 

 Id.
 

 at 490
 
 ,
 
 120 S.Ct. at 2381
 
 ,
 
 147 L.Ed.2d at 455
 
 . In light of this rule, the
 
 Blakely
 
 Court thus held "that a trial judge's sentencing of a defendant beyond the statutory maximum, based on the trial judge's finding [of an aggravating factor], violated the defendant's right to trial by jury under the Sixth Amendment to the United States Constitution."
 
 State v. Blackwell
 
 ,
 
 361 N.C. 41
 
 , 44,
 
 638 S.E.2d 452
 
 , 455 (2006),
 
 cert. denied
 
 ,
 
 550 U.S. 948
 
 ,
 
 127 S.Ct. 2281
 
 ,
 
 167 L.Ed.2d 1114
 
 (2007). The
 
 Blakely
 
 Court further established that "the 'statutory maximum' for
 
 Apprendi
 
 purposes is the maximum
 
 *671
 
 sentence a judge may impose
 
 solely on the basis of the facts reflected in the jury verdict or admitted by the defendant
 
 ."
 
 Blakely
 
 ,
 
 542 U.S. at 303
 
 ,
 
 124 S.Ct. at 2537
 
 ,
 
 159 L.Ed.2d at 413
 
 . In North Carolina, the "statutory maximum" is "the presumptive range for a given offense and prior record level."
 
 State v. Norris
 
 ,
 
 360 N.C. 507
 
 , 514,
 
 630 S.E.2d 915
 
 , 919,
 
 cert. denied
 
 ,
 
 549 U.S. 1064
 
 ,
 
 127 S.Ct. 689
 
 ,
 
 166 L.Ed.2d 535
 
 (2006).
 

 The
 
 Blakely
 
 and
 
 Apprendi
 
 rules find their support both in history and in reason. At the time of our nation's founding, "[a]ny possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown."
 
 Apprendi
 
 ,
 
 530 U.S. at 478
 
 ,
 
 120 S.Ct. at 2356
 
 ,
 
 147 L.Ed.2d at 448
 
 . There was an "invariable linkage of punishment with crime," and a defendant was therefore able "to predict with certainty [his] judgment from the face of the felony indictment[.]"
 

 Id.
 

 "[T]he judgment, though
 
 *537
 
 pronounced or awarded by the judges, [was] not their determination or sentence, but the determination and sentence of the law."
 

 Id.
 

 at 479-80
 
 ,
 
 120 S.Ct. at 2357
 
 ,
 
 147 L.Ed.2d at 448-49
 
 . "The judge was meant simply to impose that sentence ...."
 

 Id.
 

 at 479
 
 ,
 
 120 S.Ct. at 2357
 
 ,
 
 147 L.Ed.2d at 448
 
 .
 

 This history "highlight[s] the novelty of a legislative scheme that removes the jury from the determination of a fact that, if found, exposes the criminal defendant to a penalty
 
 exceeding
 
 the maximum he would receive if punished according to the facts reflected in the jury verdict alone."
 

 Id.
 

 at 482-83
 
 ,
 
 120 S.Ct. at 2359
 
 ,
 
 147 L.Ed.2d at 450
 
 . In other words, where a defendant will face an aggravated punishment if the "offense is committed under certain circumstances but not others, ... it necessarily follows that the defendant should not-at the moment the State is put to proof of those circumstances-be deprived of protections that have, until that point, unquestionably attached."
 

 Id.
 

 at 484
 
 ,
 
 120 S.Ct. at 2359
 
 ,
 
 147 L.Ed.2d at 451
 
 . As Justice Scalia explained in
 
 Blakely
 
 ,
 

 [i]n a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is
 
 entitled
 
 to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.
 

 Blakely
 
 ,
 
 542 U.S. at 309
 
 ,
 
 124 S.Ct. at 2540
 
 ,
 
 159 L.Ed.2d at 417
 
 .
 

 Quite simply, the United States Constitution provides every defendant with "the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment."
 

 Id.
 

 at 313
 
 ,
 
 124 S.Ct. at 2543
 
 ,
 
 159 L.Ed.2d at 420
 
 (original emphasis omitted). "The jury could not function as circuitbreaker in the State's machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State
 
 actually
 
 seeks to punish."
 

 Id.
 

 at 306-07
 
 ,
 
 124 S.Ct. at 2539
 
 ,
 
 159 L.Ed.2d at 415-16
 
 . "Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary."
 

 Id.
 

 at 306
 
 ,
 
 124 S.Ct. at 2539
 
 ,
 
 159 L.Ed.2d at 415
 
 . The
 
 Blakely
 
 Court thus explained:
 

 Petitioner was sentenced to prison for more than three years beyond what the law allowed for the crime to which he confessed, on the basis of a disputed finding that he had acted with "deliberate cruelty." The Framers would not have thought it too much to demand that, before depriving
 
 *538
 
 a man of three more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to "the unanimous suffrage of twelve of his equals and neighbours," rather than a lone employee of the State.
 

 Id.
 

 at 313-14
 
 ,
 
 124 S.Ct. at 2543
 
 ,
 
 159 L.Ed. 2d at 420
 
 (citation omitted).
 

 Accordingly, following
 
 Blakely
 
 , trial judges are no longer authorized to "enhance criminal sentences beyond the statutory maximum absent a jury finding of the alleged aggravating factors beyond a reasonable doubt."
 
 Blackwell
 
 ,
 
 361 N.C. at 45
 
 ,
 
 638 S.E.2d at 455
 
 . Our General Assembly therefore amended N.C. Gen. Stat. § 15A-1340.16 to require (1) that the jury determine whether an aggravating factor exists, thereby warranting an aggravated
 
 *672
 
 sentence, and (2) that the State bear the burden of proving the same beyond a reasonable doubt.
 
 2005 N.C. Sess. Laws 253
 
 , 253, ch. 145, § 1.
 

 II. Factor (12a) and
 
 Blakely
 

 Nevertheless, "the Sixth Amendment was not written for the benefit of those who choose to forgo its protection."
 
 Blakely
 
 ,
 
 542 U.S. at 312
 
 ,
 
 124 S.Ct. at 2542
 
 ,
 
 159 L.Ed.2d at 419
 
 . "[T]he Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury."
 

 Id.
 

 at 308
 
 ,
 
 124 S.Ct. at 2540
 
 ,
 
 159 L.Ed.2d at 417
 
 . Therefore, when the aggravating factor at issue is either admitted by the defendant or reflects the existence of a prior conviction, the trial court may determine whether that aggravating factor exists without invading the "province of the jury."
 

 Id.
 

 ;
 
 see also
 

 State v. Everette
 
 ,
 
 361 N.C. 646
 
 , 653,
 
 652 S.E.2d 241
 
 , 246 (2007) ("
 
 Blakely
 
 ... specifically excluded several categories of aggravated sentences from the scope of the right it contemporaneously recognized: (1) those imposed on the basis of a prior conviction; (2) those imposed solely on the basis of the facts reflected in the jury verdict; and (3) those imposed solely on the basis of the facts admitted by the defendant, or to which the defendant stipulates ...." (ellipsis, internal citations, and quotation marks omitted) ).
 

 There are two aggravating factors that implicate the existence of a prior adjudication in this State.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.16(d)(12a), (18a). At issue in the instant case is factor (12a): that Defendant had, within the past ten years, "been found ... to be in willful violation of the conditions of probation."
 

 Id.
 

 § 15A-1340.16(d)(12a). Defendant did not admit to the existence of this aggravating factor at his sentencing hearing.
 
 Cf.
 

 Everette
 
 , 361 N.C. at 652,
 
 652 S.E.2d at 245
 
 ("[The State] argues ... that the trial court's finding that [the] defendant was on pretrial release
 
 *539
 
 at the time he committed the instant offenses comported with
 
 Blakely
 
 because [the] defendant admitted to the existence of this aggravating factor."). The other factor, (18a), allows for an aggravated sentence if "[t]he defendant has previously been adjudicated delinquent for an offense that would be a Class A, B1, B2, C, D, or E felony if committed by an adult." N.C. Gen. Stat. § 15A-1340.16(d)(18a).
 

 Presumably under the supposition that the existence of a prior adjudication would satisfy the demands of due process, the General Assembly exempted (12a) and (18a) from the requirement that aggravating factors must be found by a jury: "If the jury, or with respect to an aggravating factor under G.S. 15A-1340.16(d)(12a) or (18a),
 
 the court
 
 , finds that aggravating factors exist ..., the court may depart from the presumptive range of sentences specified in G.S. 15A-1340.17(c)(2)." N.C. Gen. Stat. § 15A-1340.16(b) (emphasis added).
 
 [2]
 
 As Defendant notes, however, the constitutionality of this regime warrants further consideration.
 
 [3]
 

 Under factor (12a), it is not for the sentencing judge to decide
 
 whether
 
 the defendant committed a willful violation of his probation within the past ten years, but whether the defendant
 
 has already been found
 
 to have committed the same. Thus, under the statutory framework, even if it were the
 
 *673
 
 jury's task to find the existence of factor (12a) beyond a reasonable doubt, its determination would be limited to finding the existence of the
 
 prior adjudication
 
 alone. Whether the jury was satisfied that the defendant had in fact willfully violated the terms of his probation would be of no concern.
 
 *540
 
 As Defendant notes, "
 
 Blakely
 
 allowed courts to make determination[s] of previous convictions because the defendants in those cases had pled guilty or had been found guilty by a jury beyond a reasonable doubt. In other words, they would have already exercised their rights under the Sixth and Fourteenth Amendments or waived those rights." (Citation omitted). In North Carolina, however, a probation violation is found neither by a jury nor by proof beyond a reasonable doubt:
 

 A proceeding to revoke probation [for a willful violation of the conditions thereof] is often regarded as informal or summary, and the court is not bound by strict rules of evidence.
 
 An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt.
 
 All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.
 

 State v. Tennant
 
 ,
 
 141 N.C. App. 524
 
 , 526,
 
 540 S.E.2d 807
 
 , 808 (2000) (emphasis added) (brackets, internal citations, and quotation marks omitted). Thus, while Defendant was indeed "found by a court of this State to be in willful violation of the conditions of probation" in 2013, N.C. Gen. Stat. § 15A-1340.16(d)(12a), that judgment was entered pursuant to a lesser burden of proof than "beyond a reasonable doubt."
 
 Tennant
 
 ,
 
 141 N.C. App. at 526
 
 ,
 
 540 S.E.2d at 808
 
 .
 

 III. Application
 

 Given the standard of proof that applies in this State, it is arguable whether a judgment of a willful probation violation-be it by admission or court finding-is sufficiently tantamount to a "prior conviction" to allow a sentencing judge to use that previous finding as an aggravating factor justifying an increase in the length of a defendant's sentence beyond that authorized by the jury's verdict alone consonant with the demands of due process.
 
 Compare
 

 Almendarez-Torres v. United States
 
 ,
 
 523 U.S. 224
 
 , 240,
 
 118 S.Ct. 1219
 
 ,
 
 1221140 L.Ed.2d 350
 
 , 366 (1998) ("Read literally, th[e] language [in
 
 Mullaney v. Wilbur
 
 ], we concede, suggests that Congress cannot permit judges to increase a sentence in light of recidivism, or any other factor, not ... proved to a jury beyond a reasonable doubt. This Court's later case,
 
 Patterson v. New York
 
 [ ], however makes absolutely
 
 *541
 
 clear that such a reading of
 
 Mullaney
 
 is wrong." (citing
 
 Mullaney v. Wilbur
 
 ,
 
 421 U.S. 684
 
 ,
 
 95 S.Ct. 1881
 
 ,
 
 44 L.Ed.2d 508
 
 (1975) and
 
 Patterson v. New York
 
 ,
 
 432 U.S. 197
 
 ,
 
 97 S.Ct. 2319
 
 ,
 
 53 L.Ed.2d 281
 
 (1977) ) ),
 
 and
 

 State v. Hunter
 
 ,
 
 315 N.C. 371
 
 , 377,
 
 338 S.E.2d 99
 
 , 104 (1986) ("[A] defendant is given the election between imprisonment and probation in the first instance; and once he chooses probation, the statute guarantees full due process before there can be a revocation of probation ...."),
 
 with
 

 Apprendi
 
 ,
 
 530 U.S. at 489, 490, 495
 
 ,
 
 120 S.Ct. at 2362, 2363, 2365
 
 ,
 
 147 L.Ed.2d at 454, 455, 458
 
 ("[I]t is arguable that
 
 Almendarez-Torres
 
 was incorrectly decided[.] ... It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt. ... When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as 'a tail which wags the dog of the substantive offense.' "),
 
 and
 

 Blakely
 
 ,
 
 542 U.S. at 311-12
 
 ,
 
 124 S.Ct. at 2542
 
 ,
 
 159 L.Ed.2d at 418-19
 
 ("Any evaluation of
 
 Apprendi
 
 's 'fairness' to criminal defendants must compare it with the regime it replaced, in which a defendant ... would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, based not on facts proved to his peers beyond a reasonable
 
 *674
 
 doubt, but on facts extracted ... from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong." (internal citation omitted) ).
 

 As the State notes, this question "presents an issue of first impression for North Carolina's appellate courts." However, we need not decide that question today.
 

 Error under
 
 Blakely
 
 -if error at all-is subject to harmless error review.
 
 Blackwell
 
 , 361 N.C. at 42,
 
 638 S.E.2d at
 
 453 (citing
 
 Washington v. Recuenco
 
 ,
 
 548 U.S. 212
 
 ,
 
 126 S.Ct. 2546
 
 ,
 
 165 L.Ed.2d 466
 
 (2006) ). Under that analysis, "our duty [is] to weigh the evidence supporting the aggravating factor and determine whether the evidence was so overwhelming and uncontroverted as to render any error harmless,"
 
 id.
 
 at 46,
 
 638 S.E.2d at 456
 
 (quotation marks omitted), in that "any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt."
 
 Id.
 
 at 49,
 
 638 S.E.2d at 458
 
 . "The defendant may not avoid a conclusion that evidence of an aggravating factor is uncontroverted by merely raising an objection at trial. Instead, the defendant must bring forth facts contesting the omitted element, and must have raised evidence sufficient to support a contrary finding."
 
 Id.
 
 at 50,
 
 638 S.E.2d at 458
 
 (internal citation and quotation marks omitted).
 

 *542
 
 In the instant case, although Defendant did not admit to having willfully violated the conditions of his probation within the past ten years when the State submitted that as an aggravating factor at his sentencing hearing, Defendant clearly admitted the allegations contained in his probation violation report in 2013. We note with emphasis that the diminished standard of proof applicable to Defendant's probation violation report might well have induced Defendant's decision to forgo the time and expense of adjudicating the same. However, it is significant that Defendant's probation violation report alleged him to be in willful violation of the condition that he "commit no criminal offense" while on probation, pursuant to N.C. Gen. Stat. § 15A-1343(b)(1). Therefore, even if the aggravating factor were determined at Defendant's sentencing hearing as Defendant proposes it should have been under
 
 Blakely
 
 , the jury's task would have been confined to the simple determination of whether it was convinced-beyond a reasonable doubt-that Defendant had committed another offense while he was on probation within the past ten years.
 
 Cf.
 

 Everette
 
 ,
 
 361 N.C. at 654
 
 ,
 
 652 S.E.2d at 246
 
 ("The aggravator at issue here concerned the objective question of whether 'the defendant committed the offense while on pretrial release on another charge' under N.C.G.S. § 15A-1340.16(d)(12)." (brackets omitted) ). Defendant was indeed
 
 convicted
 
 on 11 December 2013 of another offense (possession with intent to sell/distribute cocaine), which Defendant committed while he was on probation, thus constituting a willful violation of the conditions thereof. Because Defendant had unquestionably been convicted of another offense while on probation within the past ten years, we necessarily conclude that Defendant cannot establish that any alleged
 
 Blakely
 
 error was not harmless.
 

 NO ERROR.
 

 Judges BRYANT and DILLON concur.
 

 [1]
 

 Defendant was sentenced as a prior record level VI for the Class G felonies.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.17 (2017).
 

 [2]
 

 Despite subsection (b)'s explicit exception for the (12a) aggravating factor, Defendant observes that subsection (d)'s final paragraph provides only that "the determination that an aggravating factor
 
 under G.S. 15A-1340.16(d)(18a)
 
 is present in a case shall be made by the court, and not by the jury." N.C. Gen. Stat. § 15A-1340.16(d) (emphasis added). Defendant appears to argue that because this provision does not also include the (12a) aggravating factor, the General Assembly must not have intended to except it from the jury's determination at all. However, as the State notes, "[t]o construe this as meaning that a court
 
 cannot
 
 make a finding under N.C. Gen. Stat. § 15A-1340.16(d)(12a) would directly contravene the statute's plain language and, in effect, delete terms from it, which is not a proper mode of statutory construction in North Carolina."
 

 [3]
 

 Initially, the State argues that "[D]efendant has waived any constitutional arguments" pursuant to Rule 10(a)(1) of the appellate rules "because his objection in the trial court was premised upon a violation of N.C. Gen. Stat. § 15A-1340.16 rather than any constitutional violation." However, Defendant explicitly cited and relied on
 
 Blakely
 
 in his argument before the trial court. It was thus "apparent from the context" that Defendant's argument was upon constitutional grounds, and this issue is preserved for appellate review. N.C.R. App. P. 10(a)(1).