IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-217

Filed 1 October 2025

Pitt County, Nos. 22CRS001947-730, 22CRS050185-730

STATE OF NORTH CAROLINA

v.

RONTRELL HOOKS, Defendant.

Appeal by defendant from judgment entered 16 March 2023 by Judge Marvin K. Blount III in Superior Court, Pitt County. Heard in the Court of Appeals 8 April 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Carolyn McLain, for the State.*

*Kimberly P. Hoppin for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a judgment entered upon a jury's verdict finding him guilty of interfering with an electronic monitoring device and having attained habitual felon status. On appeal, Defendant argues that (1) the trial court erred in sentencing him in the aggravated range when the State failed to provide sufficient notice of its intent to prove the aggravating factor and (2) he received ineffective assistance of counsel because his counsel failed to object to the trial court's use of the aggravating factor during sentencing. We conclude that Defendant received a fair

trial, free of prejudicial error.

## I.    Factual Background and Procedural History

On 14 October 2020, Defendant was convicted of possession with intent to manufacture, sell, and deliver a schedule II controlled substance. From this charge, in June 2021, Defendant was placed on electronic monitoring as a condition of post-release supervision. He was indicted on 7 March 2022 for interference with the electronic monitoring device and on 12 December 2022 for attaining habitual felon status.

On 15 February 2023, the State served Defendant with a notice of intent to prove an aggravating factor ("Notice of Aggravating Factor"). Box 12a on the notice was checked, which stated that the State intended to prove:

> The defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence or been found by the Post-Release Supervision and Parole Commission to be in willful violation of a condition of parole or post-release supervision imposed pursuant to release from incarceration.

Defendant's trial began on 15 March 2023. The following day, a jury found him guilty of feloniously interfering with an electronic monitoring device.

After the jury's verdict, the State presented evidence of Defendant having attained habitual felon status and the existence of the aggravating factor, as alleged by the Notice of Aggravating Factor. In support of the aggravating factor, the State

presented Defendant's judgment and commitment upon the revocation of his probation from 15 July 2015. The same jury found Defendant guilty of being a habitual felon and found the aggravating factor existed. Defendant timely gave oral notice of appeal.

## II. Notice of Aggravating Factors

Defendant argues that the trial court erred in sentencing him to an aggravated sentence when the State did not provide sufficient written notice before trial of its intent to prove an aggravating factor.

"Alleged statutory errors are questions of law, and as such, are reviewed *de novo.*" *State v. Mackey,* 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011) (internal citation omitted). North Carolina General Statute Section 15A-1340.16(a6) sets forth the requirements for proper notice of an aggravating factor:

> The State must provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under G.S. 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.

N.C. Gen. Stat. § 15A-1340.16(a6) (2023). Thus, unless a defendant waives the right to receive such notice, the State must provide a defendant with written notice of its intent to prove an aggravating factor at least thirty days before trial. *See id.* "Thereafter, [t]he defendant may admit to the existence of [the] aggravating factor.

However, [i]f the defendant does not so admit, only a jury may determine if an aggravating factor is present in an offense[,] which the State will bear the burden of proving beyond a reasonable doubt[.]" *State v. Hinton*, 263 N.C. App. 532, 535, 823 S.E.2d 667, 670 (2019) (internal citations and internal quotation marks omitted).

Here, the State filed a written Notice of Aggravating Factors on 15 February 2023. Defendant's trial began on 15 March 2023. Thus, the State gave Defendant this notice twenty-eight days before trial. Because North Carolina General Statute Section 15A-1340.16(a6) requires at least thirty days' notice, we must conclude that the State failed to give Defendant timely written notice.

We next consider whether Defendant waived his right to notice. "Waiver is the intentional relinquishment of a known right, and as such, knowledge of the right and an intent to waive it must be made plainly to appear." *State v. Wright*, 265 N.C. App. 354, 357-58, 826 S.E.2d 833, 836 (2019) (citation omitted). When assessing waiver, this Court looks at "the inquiry and responses made at the sentencing hearing." *State v. Scott*, 287 N.C. App. 600, 610, 883 S.E.2d 505, 513 (2023).

This Court has previously discussed waiver of notice in *Wright* and *Scott*. First, in *Wright*, the State provided twenty days' notice of its intent to prove an aggravating factor. 265 N.C. App. at 361, 826 S.E.2d at 838. Following the jury verdicts, the trial court specifically asked about notice and engaged in a colloquy directly with the defendant about the aggravating factor. *Id.* The defendant affirmatively waived the right to have a jury determine the aggravating factor and

stipulated to the factor's existence. *Id.* at 358-60, 826 S.E.2d at 836-37. This Court held that these circumstances were sufficient to indicate that the defendant waived notice of the State's intent to use the aggravating factor. *Id.* at 361, 826 S.E.2d at 838.

Second, in *Scott*, the State did not provide proper written notice to the defendant. 287 N.C. App. at 609, 883 S.E.2d at 513. When assessing whether the defendant waived his right to notice, this Court noted that the trial court did not directly question the defendant about his intent to waive notice as in *Wright*. *Id.* at 610, 883 S.E.2d at 513. Even so, the "defense counsel's stipulation and affirmation on behalf of his client was sufficient to constitute waiver of the notice requirement." *Id.*

But here, even though the trial court did not directly question Defendant regarding waiver, the circumstances indicate Defendant had waived the right to have thirty days' notice instead of twenty-eight days. Defendant did have sufficient information in the Notice of Aggravating Factors that he was informed of the factor the State intended to prove. *See, e.g., Scott*, 287 N.C. App. at 610, 883 S.E.2d at 513 ("Even though the State had not technically given 'proper notice' because the additional file numbers were added to the notice only twenty days before trial instead of thirty days, [the] defendant and his counsel had sufficient information to give an 'intentional relinquishment of a known right.'" (citations omitted)).

The aggravating factor which the State intended to prove was that Defendant, during the ten-year period before the charge of interfering with his electronic monitoring device, was found in willful violation of his probation conditions. The State introduced Defendant's judgment and commitment upon the revocation of his probation from 15 July 2015. The judgment form indicated that Defendant *admitted* he had violated a condition of his probation. Defendant had no objection to the admission of this evidence, even after the trial court inquired if Defendant had an objection.

During the charge conference, the trial court and counsel for both the State and Defendant discussed the proposed jury instructions for the aggravating factor of the probation violation. Defendant stated he had no objection to the instruction, even after the State specifically referenced the Notice of Aggravating Factors. In fact, during the charge conference, the State's counsel raised a question regarding the wording of the jury instruction for the aggravating factor based specifically on "sheet with the notice of the aggravating factor," clarifying that he was referring to "the actual notice that was filed, notice of aggravating factors, number 12(a)."[1] In

---

[1] The Notice of Aggravating Factors was on Form AOC-CR-614, Rev. 1/23. The form has 20 different preprinted options with check boxes. Only one item was indicated on Defendant's notice, No. 12(a), which states: "The defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence or been found by the Post-Release Supervision and Parole Commission to be in willful violation of a condition of parole or post-release supervision imposed pursuant to release from incarceration. (Applies to offenses committed on or after December 1, 2008.)"

response to the State's question, the trial court read the proposed jury instruction's revised language and Defendant had "no objection" to the revised instruction:

> THE COURT: That the Defendant has during the ten-year period prior to the commission of the offense of interfering with an electronic monitoring device in file number 22 CRS 50185 been found by a Court of this state in willful violation of a condition of probation imposed pursuant to a suspended sentence in file number 13 CRS 05955.
>
> [THE STATE]: I think that clears it up, Judge. I think it makes it more clear.
>
> [DEFENSE COUNSEL]: No objection.

After the jury found the existence of the aggravating factor, the trial court heard from Defendant during sentencing. The State asked for Defendant to be sentenced at the top of the aggravated range; Defendant asked the trial court to consider several mitigating factors.

Therefore, Defendant had sufficient information about the aggravating factor of the probation violation, even if the Notice of Aggravating Factors was technically deficient by being served 28 days before trial instead of 30 days. Defendant raised no objection to the admission of the evidence of his prior probation violation in File No. 13 CRS 05955 and he had no objection to the jury instructions addressing this aggravating factor, even after the colloquy about the jury instruction based on the Notice of Aggravating Factors.

Where a notice of aggravating factors has been served on a defendant but the service is technically defective in some way, the better practice may be for the trial

court to inquire specifically to clarify if the defendant has waived the right to notice. But North Carolina General Statute Section 15A-1340.16(a6) does not mandate a specific inquiry or procedure where this issue is being submitted to a jury trial, as it does for purposes of entry of plea of guilty or no contest in North Carolina General Statute Section 15A-1022 or for purposes of admission of the existence of an aggravating factor under North Carolina General Statute Section 15A-1022.1. *See* N.C. Gen. Stat. § 15A-1340.16(a6) (2023); N.C. Gen. Stat. § 15A-1022 (2023); N.C. Gen. Stat. § 15A-1022.1(b) (2023). Where a defendant admits to the existence of an aggravating factor, the trial court is required to:

> address the defendant personally and advise the defendant that:
>
> (1) He or she is entitled to have a jury determine the existence of any aggravating factors or points under [North Carolina General Statute Section] 15A-1340.14(b)(7); and
>
> (2) He or she has the right to prove the existence of any mitigating factors at a sentencing hearing before the sentencing judge.

N.C. Gen. Stat. § 15A-1022.1(b).

Here, Defendant did not enter a guilty plea and did not admit to the aggravating factor. Instead, he was afforded his right to have a jury determine the existence of an aggravating factor and he also had the opportunity to advocate for mitigating factors. In cases of entry of a guilty or no contest plea or admission of an aggravating factor, the trial court must determine whether the State has provided

proper notice or whether the defendant has waived that notice. However, in the present case, under Section 15A-1340.16(a6), there is no specific requirement for the trial court to make such a determination and no specific procedure mandated for the trial court to follow. *See* N.C. Gen. Stat. § 15A-1340.16(a6). Defendant had sufficient information about the aggravating factor, as the Notice of Aggravating Factors was served on him, albeit a bit late. At trial, Defendant did not object to evidence of the aggravating factor and did not object to jury instructions on this specific factor, although he could have raised an objection to the evidence and the instruction based on the deficient notice. Under these facts, Defendant has waived the right to receive thirty days' notice under Section 15A-1340.16(a6).

We also note Defendant has failed to demonstrate that the State's failure to provide proper notice prejudiced him. *See State v. Snelling,* 231 N.C. App. 676, 682, 752 S.E.2d 739, 744 (2014) (assessing whether the error was prejudicial after holding that the trial court failed to determine whether the statutory requirements of Section 15A-1340.16(a6) were met); *see also State v. Joyner*, 167 N.C. App. 635, 637, 606 S.E.2d 196, 198 (2004) ("[E]ven where an appellant shows error, 'relief ordinarily will not be granted absent a showing of prejudice.'" (citation omitted)).

Defendant argues that he was prejudiced because if the trial court had not erroneously considered the aggravating factor, he would have received a lesser sentence. Yet Defendant did not object to the State's evidence of the aggravating factor, and he did not object to the trial court's jury instructions on the aggravating

factor. Likewise, Defendant does not argue that, if he had had two additional days of notice, the jury's verdict on the aggravating factor and the resulting sentence would have been different. Defendant, instead, merely challenges his failure to receive proper notice.

From this evidence, there is nothing in the record to suggest that Defendant did not violate the conditions of his probation in 2015. The judgment and commitment form clearly indicates that Defendant admitted this probation violation. Moreover, even though the State's notice fell two days short of the statutorily mandated period, additional time would be inconsequential to the outcome. Defendant could not challenge the existence of the aggravating factor when the factor was satisfied by undisputable evidence. Thus, Defendant failed to demonstrate that, had the State provided proper notice, the jury's finding of the aggravating factor and his sentencing would have been different. Defendant has failed to demonstrate prejudicial error.

### III.    Ineffective Assistance of Counsel

Defendant next argues he received ineffective assistance of counsel because his counsel failed to object to the trial court's use of the aggravating factor in sentencing.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both: (1) that "counsel's performance was deficient[;]" and (2) that "the deficient performance prejudiced the defense." *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (citation omitted). Performance is deemed deficient when

"counsel's conduct f[alls] below an objective standard of reasonableness." *State v. Moore*, 286 N.C. App. 341, 344, 880 S.E.2d 710, 713 (2022) (citation omitted). The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Covington*, 248 N.C. App. 698, 706, 788 S.E.2d 671, 677 (2016) (citation omitted). "Both prongs of this test must be met to prevail on an ineffective assistance of counsel claim." *State v. Campbell*, 359 N.C. 644, 690, 617 S.E.2d 1, 30 (2005) (citation omitted).

As discussed *supra*, Defendant has failed to establish prejudicial error. He has not shown that, had the State provided proper notice, the jury's finding of the aggravated factor or the resulting sentence would have been different. Therefore, Defendant cannot satisfy the second prong of the ineffective assistance of counsel test. *See Braswell*, 312 N.C. at 563, 324 S.E.2d at 249 ("[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient."). Accordingly, Defendant's ineffective assistance of counsel claim is without merit.

## IV.   Conclusion

Defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judges STADING and MURRY concur.